(121 App. Div. 194)

## HARKOW v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1907.)

**1. CARRIERS—TRANSFERS—RECOVERY OF PENALTIES.**

The penalties provided for refusal to give a transfer ticket under Railroad Law (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1406, c. 676), § 104, are not cumulative, and the bringing of an action for one penalty is a waiver of all previous penalties incurred.

**2. COURTS — MUNICIPAL COURTS — ACTION — PROCEEDINGS CONSTITUTING COMMENCEMENT—STATUTES.**

Municipal Court Act, Laws 1902, p. 1499, c. 580, § 30, provides that an action shall be deemed commenced at the time the summons is actually delivered for service, but expressly requires service on the defendant. Section 26 provides that an action brought in the Municipal Court must be commenced by the service of summons or the voluntary appearance of and joinder of issues by the parties. Section 31 provides that such service be personal. Section 20, c. 580, p. 1496, makes the provisions of the Code of Civil Procedure applicable to the Municipal Court, unless conflicting. Code Civ. Proc. §§ 399, 400, provides that an action is commenced when the summons is delivered for service, within the meaning of each provision of the act which limits the time for commencing an action. *Held*, that section 30, when considered in connection with the other sections and the provisions of the Code of Civil Procedure, is merely a saving provision from the statute of limitations, and does not mean that for all intents and purposes an action is commenced at the time of the delivery for service.

Gaynor, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Joseph H. Harkow against the New York City Railway Company to recover a statutory penalty for refusal to give a transfer ticket. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Cyrus V. Washburn (Charles H. Herdt, on the brief), for appellant.

H. J. Smith (Henry F. Gannon, on the brief), for respondent.

JENKS, J. In Griffin v. Interurban St. Ry. Co., 179 N. Y. 438, 449, 72 N. E. 513, 517, the court say:

"A sound public policy requires that only one penalty should be recovered in a single action, and that the institution of an action for a penalty is to be regarded as a waiver of all previous penalties incurred."

This action is to recover a penalty under section 104 of the railroad law (Laws 1890, p. 1082, c. 565, as amended by Laws 1892, p. 1406, c. 676) for refusal to give a transfer ticket. The parties denominate it as "Action No. 16." The Municipal Court judge dismissed the plaintiff on the ground that his action was barred by the institution of his action No. 17. The summons and complaint in each action were served on the defendant on the same day, January 2, 1907.

The learned counsel for the appellant contends that action No. 16 was commenced on the day that the summons therein was actually delivered for service, presumably December 21, 1906, and before the summons was likewise delivered in action No. 17. He rests his con-

tention upon section 30 of the Municipal Court act (Laws 1902, p. 1499, c. 580). That section provides:

"An action shall be deemed commenced, at the time the summons is actually delivered for service. If the marshal or other person having the summons to serve, cannot find the defendant so as to serve him therewith as required by this act, he must so return, and the clerk shall, at the request of the plaintiff, if made between the last day when service could be had and the return day mentioned in said summons or alias, including such return day, continue from time to time to issue another summons, to be known as and stamped 'alias,' until the defendant is served."

But section 26 of the same act provides:

"An action brought in the Municipal Court of the city of New York must be commenced by the service of a summons, or the voluntary appearance of and joinder of issues by the parties."

And section 31 provides in effect that that service shall be personal. Again, section 30 requires progress, and in express terms requires service on the defendant. Moreover, section 30 but provides that the action "shall be deemed commenced"; that is, it shall be considered or regarded as commenced. It seems absurd to conclude, in the face of this expression—of these positive provisions of section 26, of section 31, and of the requirements for service in the very section itself— that the same section means that for all intents and purposes the action was commenced by delivery for service. Full vigor can be attributed to the section if we construe it as a saving provision from the statute of limitations. And this, I think, is the true interpretation of it.

Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580) makes the provisions of the Code of Civil Procedure applicable to the Municipal Court, unless conflicting. Section 400, when read with section 399, both of the Code of Civil Procedure, plainly indicates the purpose and the purview of section 30 of the Municipal Court act. See, too, Clare v. Lockard, 122 N. Y. 263, 25 N. E. 391, 9 L. R. A. 547; Gough v. McFall, 31 App. Div. 578, 52 N. Y. Supp. 221.

Such a commencement of the action as is contemplated by section 30 has no logical application to the principle involved in the case at bar; for to the minds of the courts who laid down the principle, the deterrent effect of action for penalties came from the fact that the offender had notice of its institution and the prosecution which naturally might follow. See the remarks of Church, C. J., in Sturgis v. Spofford, 45 N. Y., at page 453, and of Grover, J., in Fisher v. N. Y. C. & H. R. R. R. Co., 46 N. Y. 659, cases cited by O'Brien, J., writing for the court in Cox v. Paul, 175 N. Y. 328–332, 67 N. E. 586.

The judgment is affirmed, with costs. All concur except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). The statute in express terms provides that:

"For every refusal to comply with the requirements of this section the corporation so refusing shall forfeit fifty dollars to the aggrieved party."

We have no right to nullify this statute by holding that the bringing of each successive action for a penalty waives all penalties incurred prior to the bringing of such action, and the actions brought there-

for. The Legislature has declared no such thing, but the very contrary. A court of last resort may disregard legislation, or even legislate, but only because there is no superior authority to reverse its action. This court is not in that position. It is for it to follow the statutes, and leave it to the highest court to dispense with their operation, if that course is to be pursued. We can declare no "sound public policy" as against a statute, and substitute it for the statute. Public policy must be looked for in our statutes in so far as they have spoken, not outside of them. And I venture to say there is no public policy for the shielding of railroad companies from the payment of statute penalties which they persistently incur year after year, but the contrary. For street railroad companies to continuously refuse for many years—for ten years—to give the transfers over their connecting lines required by statute is a condition of things "in the modern life of great cities" which public policy requires should be visited with all the prescribed penalties, instead of being shielded from them by the courts against the expressed will of the Legislature. A right of action for a penalty having accrued, and the action having been begun, the beginning of a subsequent action for a subsequent penalty cannot be a waiver of the prior penalty and action, and be pleaded in bar of such action, as is the case before us. To so hold is to give the offender practical immunity; for the bringing of a new action for each successive offense would only condone all of the former offenses, and furnish a plea in bar to all prior actions therefor, and no judgment would ever be reached for a penalty; and by successive new actions being thus made worse than useless, farcical, in fact, the offender may go on offending with impunity until some action—the last one brought —reaches judgment; and when such judgment is reached, only one penalty out of the many incurred meanwhile may then be sued for, and all the others being "previous" to the bringing of this new action, are condoned. I cannot believe that our highest court meant to decide such a thing, and we should all wait until it shall "state its intention in so many words," as it says of the Legislature in the Griffin Case. The Legislature followed a line of decisions of the Court of Appeals, cited in the Griffin Case, in using the phrase "every refusal" in the railroad law. It is now told that its language is not plain enough. I hope I may say with the highest respect for all concerned that I do not see how the Legislature can make its meaning plainer without passing a bill of remonstrance that it means just what it says.