GODFREY et al. v. ERRETT et al. (two cases).

(Supreme Court, Appellate Term. December 22, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—ALIAS SUMMONS—SERVICE.

A personal service by delivery of a copy of the alias summons without a copy of the original summons is sufficient service of process in an action in the Municipal Court, in the absence of any provision in the Municipal Court act or the Code of Civil Procedure relating to practice in justices' courts on the subject, as the alias is a writ complete in itself.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—ALIAS SUMMONS—EFFECT OF SUMMONS NOT SERVED.

After the last day on which service of the original summons in Municipal Court may be had, the only value of the original summons is to prove that the alias was issued within the required time, and to establish the date at which it may be deemed served, which proof is available when the summons is returned.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Actions by Freeman A. O. Godfrey and another, copartners as Godfrey-Keeler Company, against William H. Errett and others, copartners as the Diligent Laundry. From judgments dismissing the complaint in each action, plaintiffs appeal. Reversed, and new trials ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Thompson & Ballantine, for appellants.

Barnett E. Kopelman, for respondents.

GOFF, J. These are appeals from judgments dismissing the complaints in each of two similar actions. The returns disclose, in each case, that an original and three alias summons were issued under Municipal Court Act (Laws 1902, pp. 1498, 1499, c. 580) §§ 26–30. Defendants were served by delivery of copies of the alias summons, without a copy of the first summons. Defendants appeared specially to object to the jurisdiction on this ground, and their objection was sustained.

There is no provision in the Municipal Court act requiring service of a copy of the original or first summons, with a copy of an alias;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

nor was there any such provision in the District Court act, nor is there in the Code of Civil Procedure, providing for practice in courts of justices of the peace, of which the Municipal Court is a development. Even if, by the use of the word "alias," the Legislature intended to revert, by implication, to common-law practice, there is nothing in the old practice books from which it appears that a copy of an alias capias ad respondendum must be delivered to the defendant along with a copy of the first capias. The alias is a writ complete in itself. Formerly, each capias was the beginning of a new action (Dunlap's Practice, p. 119; Graham's New York Practice, p. 142); and, under recent decisions, when an alias is served, that service begins the action, except for saving it from the effect of the statute of limitations, when the action is deemed to have been begun at the time of delivery for service of the first summons (Harkow v. N. Y. City Ry. Co., 121 App. Div. 194, 105 N. Y. Supp. 689), and except to save papers which have been prepared to accompany the first summons (Throop's note to section 2883, Code Civ. Proc.). After the last day upon which service of the first summons may be had, the only value of the first summons is to prove that the alias was issued within the required period, and to establish the date at which it may be deemed served in certain cases. This proof becomes available to defendant when the summons is returned. The law is correctly stated in Lawrence v. Bernstein, 46 Misc. Rep. 608, 92 N. Y. Supp. 817.

Judgments reversed, and new trials ordered, with costs to appellants to abide the event. All concur.