JESSIE SIMONS, Respondent, *v.* INECTO, INC., Appellant.

Third Department, November 2, 1934.

*Hall & Carusone* [*John J. Carusone* of counsel], for the appellant.

*Leary & Fullerton* [*Stephen H. Keating* of counsel], for the respondent.

McNAMEE, J. The plaintiff was a resident of California and engaged in the business of dyeing hair at the city of Los Angeles. The defendant was a Delaware corporation, and between January 12, 1924, and October 11, 1932, was authorized to do business in the State of New York, and, in this State, was manufacturing, selling and shipping throughout the United States a dye for human hair known as Inecto Notox, and was advertising it as safe and suitable for that purpose. On the latter date the defendant withdrew from the State of New York, and filed with the Secretary of State its certificate surrendering its authority to do business here, pursuant to section 216 of the General Corporation Law, and therein stated that the defendant consented that process against it might be served upon the Secretary of State " upon any liability or obligation incurred within the State of New York before filing of this certifi-

cate of surrender of authority, after the filing thereof." Two days later the defendant sold and disposed of its business and assets in New York.

On December 16, 1931, the plaintiff purchased a quantity of Inecto Notox from a merchant in California, for the purpose of applying it to the hair of other persons in the conduct of her business, as well as to her own hair. The complaint alleges that Inecto Notox is a chemical substance containing ingredients improperly mixed, and which, when so mixed, are dangerous and poisonous to the human body when applied thereto; and that she applied it to her own hair, and as a result of such use was poisoned and injured, through the negligence of the defendant.

This action was commenced to recover for the personal injuries thus received, by the service of the summons upon the Secretary of State on December 9, 1933. The defendant through its attorneys served notice of appearance and demand for a copy of the complaint on January 27, 1934, and upon the service of the complaint the defendant moved to dismiss the action, on the ground that the court had no jurisdiction of the defendant, nor of the subject of the action, and that the cause of action alleged was barred by the Statute of Limitations.

On December 16, 1933, seven days after the commencement of this action, a similar action was brought by the plaintiff against the defendant in the State of Delaware.

Plaintiff's cause of action accrued while defendant was doing business here, but the action was not commenced until after the cessation of that business, and after the defendant had disposed of its business and assets here, and had withdrawn from this State to its own domicile. Foreign corporations not doing business in this State are not now generally subject to the jurisdiction of our courts. (*Gaboury* v. *Central Vermont Railway Co.*, 250 N. Y. 233.) But the defendant, while evidently wishing to urge its immunity from our process, failed to follow the proper practice to effect that end, and appeared generally in the action and demanded a copy of the complaint. This was equivalent to personal service of the summons. (Civ. Prac. Act, § 237.) By this appearance the defendant waived its right to object to the jurisdiction, and submitted thereto. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584). This left open, on this aspect of the case, only the question whether the court in the exercise of its discretion would assume jurisdiction of the action and dispose of the merits.

At common law, actions against foreign corporations could be maintained if personal service was obtained in this State (*McCormick* v. *Pennsylvania Central R. R. Co.*, 49 N. Y. 303; *Robinson* v. *Oceanic*

*Steam Navigation Co.*, 112 id. 315, 321); and it was and is discretionary with the Supreme Court whether it would or will entertain actions brought by non-residents against foreign corporations. (*Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Murnan* v. *Wabash R. Co.*, 246 id. 244.) Our present statute (Gen. Corp. Law, § 225, subd. 4) appears to contemplate that an action by a non-resident against a foreign corporation may be maintained as a matter of right only while the foreign corporation is doing business in this State, and not thereafter. The statute does not negative the inherent power of the court, however, to entertain such an action. And the Court of Appeals in a recent case indicated, in holding invalid the service of a summons by a non-resident on a foreign corporation in receivership, that there might be special circumstances that would require a foreign corporation not doing business here to submit to our jurisdiction. (*Gaboury* v. *Central Vermont Railway Co., supra.*) Here there are no special reasons or injustice to consider. The State of Delaware is as accessible to a resident of California as New York. And the plaintiff having brought an action for the same relief in the State of Delaware, where the defendant is located, furnishes added reason why the courts of New York should not entertain this action, especially without a showing of peculiar circumstances that would justify the court in resorting to its common-law jurisdiction in the presence of a statute laying down a general rule otherwise. And the consent filed with the Secretary of State that process might be served on that official in behalf of the defendant, does not add to plaintiff's showing, as that consent is confined to " liability or obligation incurred within the State of New York."

It is conceded by the plaintiff that a right to recover on her cause of action for personal injuries alleged in the complaint was barred by the Statute of Limitations of the State of California at the time when this action was brought. That being so, and she not being a resident of this State, the action is barred here as well. (Civ. Prac. Act, § 13; *Klotz* v. *Angle*, 220 N. Y. 347, 357; *Isenberg* v. *Rainier*, 145 App. Div. 256; *Jacobus* v. *Colgate*, 217 N. Y. 235, 245.)

The order of the Special Term should be reversed, with ten dollars costs, and the motion granted and the complaint dismissed, with costs.

RHODES and CRAPSER, JJ., concur; HILL, P. J., and HEFFERNAN, J., dissent on the ground that defendant, a foreign corporation, with a certificate filed in New York State permitting it to do business, prepared and shipped the substance alleged to be poisonous from New York to a dealer in California. Plaintiff's injuries are alleged

to have been received in the latter State. One of the acts out of which the alleged cause of action arose occurred within the State of New York, and that State may apply its law. (Restatement Conflict of Laws [Proposed Final Draft No. 1], § 70.) The courts of this State should exercise jurisdiction under such circumstances. (Id. § 99.) The plaintiff as a matter of right brings this action within this State.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.