STERLING CARR, as Trustee of the Estate of NIPPON YUSEN KAISYA, a Corporation, Bankrupt, Plaintiff, v. YOKOHAMA SPECIE BANK, LTD., et al., Defendants.

Supreme Court, Special Term, New York County, July 19, 1944.

*Edward Feldman* for defendants.

*Poses, Katcher & Driesen* for plaintiff.

Hecht, J. Defendants move to dismiss the complaint pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice on the ground that the causes of action are barred by the Statute of Limitations, and upon the further ground, pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice, that the third and fourth causes of action are legally insufficient. Defendants are the Yokohama Specie Bank, Ltd., in liquidation, and the Superintendent of Banks, as liquidator.

On December 8, 1941, the Superintendent took possession of the bank pursuant to section 606 of the Banking Law. On April 23, 1942, Nippon Yusen Kaisya, a depositor in the defendant bank, was adjudicated a bankrupt and plaintiff appointed trustee. On August 25, 1942, the Superintendent called for the filing of claims against the bank by November 23, 1942, and the plaintiff filed claims on and before that date. The claims were rejected by the Superintendent on February 11, 1943. Section 625 of the Banking Law provides that actions on rejected claims must be instituted within six months thereafter, which, in this case, would be August 11, 1943. The action was not commenced until March 22, 1944. Defendants rely on plaintiff's failure to comply with the time limitations in the Banking Law to justify a dismissal of the complaint.

Plaintiff argues that the limitations of time in the Banking Law are subordinate to subdivision (e) of section 11 of the Bankruptcy Act [U. S. Code, tit. 11, § 29, subd. (e)]. Subdivision (e) of section 11 provides in part that " A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

Defendants' first contention is that subdivision (e) of section 11 is inapplicable because there was no cause of action in existence at the time the petition in bankruptcy was filed. The argument advanced is that the courts have uniformly held that there is no cause of action under this article of the Banking Law unless there has been due and timely service of a notice of claim. Since no claim could have been filed before August 25, 1942 (the date the Superintendent of Banks called for the filing of claims), no cause of action arose until that date. This was subsequent to the adjudication in bankruptcy.

I agree with this contention. When a deposit is made in a bank, a debtor-creditor relationship is created and a claim immediately exists for the return of the money upon demand. In case of a refusal a cause of action arises in favor of the depositor. When the bank was taken over by the Superintendent the usual rights of the parties were changed by operation of law. A special procedure was invoked which provides an exclusive and orderly method of liquidating the assets of the bank. (*Zuroff* v. *Westchester Trust Co.*, 273 N. Y. 200.) While the depositor Kaisya had a claim, there was nothing it

could do. It was in the same position as any other creditor of the bank. No action could be instituted or other steps taken to preserve its rights while the bank was in liquidation except pursuant to the provisions of the Banking Law. (*Leal* v. *Westchester Trust Co.*, 279 N. Y. 25.) The right to share in the liquidation of the bank did not accrue to the bankrupt but to the plaintiff trustee in the course of the administration of the bank's estate. Subdivision (e) of section 11 of the Bankruptcy Act refers to proceedings which may be instituted on any claim which was in existence but against which the State Statute of Limitations *had not expired* at the time of the filing of the petition in bankruptcy. Here the time limitation fixed by the Banking Law had not even begun to run until *after the appointment of the trustee.* Subdivision (e) of section 11 is, therefore, inapplicable (*Stanolind Oil & Gas Co.* v. *Logan*, 92 F. 2d 28), and the provisions of the Banking Law govern.

This view of the case renders it unnecessary to consider the remaining points raised by the parties. Motion granted. Settle order.