Jacob J. Schwartzwald, J.
In this action seeking damages for false arrest and malicious prosecution, defendant moves to strike the first and second causes of action on the ground that he is not a person subject to the jurisdiction of this court and to set aside the service of process herein on the ground that the court has no jurisdiction over any cause of action stated in plaintiff’s complaint.
The papers show that plaintiff served a summons on defendant bearing a notice that in the event of default judgment would be taken against him for $25,000 with interest. A civil action is commenced by the service of a summons which is a mandate of the court (Civ. Prac. Act, § 218).
Movant by his attorney served a written notice on plaintiff’s attorney. The notice reads as follows: ‘ ‘ I hereby demand, that a copy of the complaint in this action be served on me as attorney for the defendant herein, at my office at No. 521-5th Avenue, in the Borough of Manhattan, City of New York.” • (Emphasis supplied.)
It appears conceded that defendant, a resident of this State was duly served therein and therefore the demand by his attorney {supra) constitutes a general appearance. Defendant’s contention that the court has no jurisdiction over his person is without merit. Such jurisdiction is not limited by the notice which appeared on the summons pursuant to rule 46 of the Rules of Civil Practice. Such a notice is not mandatory for the rule provides that it ‘ ‘ may ’ ’ be given with the summons, thus enabling the plaintiff to have the clerk enter a default judgment in certain contract actions without application to the court (Civ. Prac. Act, § 486). Here defendant did not default, but entered a general appearance and demanded a copy of the complaint.
The principle is concededly well established that plaintiff has a right to add new causes of action and drop or change causes of action when amending his complaint. (Civ. Prac. Act, § 244; Brown v. Leigh, 49 N. Y. 78; Durham v. Chapin, 13 App. Div. 94; Mendoza v. Mendoza, 4 Misc 2d 1060) and it appears to the court the same right prevails in the service of the complaint following service of process by oral summons. When defendant served a notice of general appearance and requested copy of the com *835 plaint, he submitted himself to the jurisdiction of the court and thereby waived his right to object to any irregularity in process (Civ. Prac. Act, § 237; Pittman v. March Service Co., 141N. Y. S. 2d 74, 76, citing Simons v. Inecto, Inc., 242 App. Div. 275, and others) assuming arguendo, if there was irregularity. The notice on the summons, operative only in the event of default, does not preclude plaintiff from alleging in his complaint other or additional causes of action which were not or could not be comprehended within the notice (emphasis supplied). The Court of Appeals in affirming the Appellate Division, which reversed Special Term in Everitt v. Everitt (4 N Y 2d 13, affg. 3 A D 2d 413) stated (p. 16): “Nevertheless, the law has long been established in this State that such a notice is effectual only in case of default * * * and that ‘ if the defendant appears the notice at once is rendered of no importance ’.”
The same principle was enunciated long ago in a case exactly in point. (Sharp v. Clapp, 15 App. Div. 445.) In finding the ruling of the court below correct, the Court of Appeals continued (Everitt v. Everitt, supra, p. 17: “By interposing a general appearance, defendant waived her objection to jurisdiction of her person and foreclosed her subsequent effort to move specially (Wolfe v. Blackman, 279 App. Div. 977; Reed v. Chilson, 142 N. Y. 152; Garvin v. Garvin, 302 N. Y. 96,103).” Defendant’s motion is denied.
Settle order on notice.