J. Irwin Shapiro, J.
Motion ‘ ‘ for an Order vacating and setting aside the service of a summons by substituted service on the grounds that said substituted service was not done in compliance with Section 230 of the Civil Practice Act.”
Rawstorne v. Maguire (265 N. Y. 204), cited by defendant in support of this motion, is not in point. In that case a direct attack was made against the order permitting service by substitution on the ground that defendant was a nonresident. In sustaining the attack and voiding the order for service by substitution the court said (p. 209): “Where there is no bodily presence in the State; where there is no permanent place of abode and no domicile; it is plain that there is no residence here and no basis for the exercise of the jurisdiction of the court.”
In view of the apparent nonresidence of the defendant since October 1, 1958, and since which time he has not been physically present in this State, the Bawstorne case {supra) would ordinarily necessitate the setting aside of the alleged service upon him and the order for substituted service pursuant to which it was made.
But here, regardless of any possible invalidity in the order for substituted service by reason of the defendant’s- removal from this State prior to the time that the order for substituted service was obtained, defendant’s motion must be denied because the issue which he seeks to litigate has been rendered academic by reason of his own conduct after the service of the summons herein pursuant to said order.
The order for substituted service is dated November 14, 1958. After the summons thereunder was allegedly served, and on or about December 12, 1958, the very attorney for the defendant who is now making this motion served a notice upon plaintiff’s attorney reading in part as follows:
“ SIR:
PLEASE TO TAKE NOTICE, That the defendant LARRY MITKOFF appear in this action, and that I have been retained as attorney for him therein, and demand that a copy of the Complaint and all papers in this action be served on me at my Office number 130 William St.”
By the service of said notice of appearance defendant appeared generally in this action. It is, therefore, now completely immaterial whether the order for substituted service was properly *974 obtained. It may have been completely void — just as service of a summons on a Sunday would be completely void — but in either of such cases a defendant’s voluntary appearance renders the question of the original service of the summons completely moot. Defendant’s service of a general notice of appearance effectively submitted him to the jurisdiction of this court and he thereby waived any and all rights to object to any irregularity or invalidity in the service of process upon him. (Simons v. Inecto, Inc., 242 App. Div. 275; Pittman v. March Service Co., 141 N. Y. S. 2d 74.) Defendant’s general appearance here was the equivalent of proper personal service of the summons upon him. (Civ. Prac. Act, § 237.)
The motion is in all respects denied. Submit order.