Maxwell Shapiro, J.
This controversy was submitted to the court for its determination upon an agreed statement of facts. The facts so far as they are relevant and material are as follows:
For over 19 years prior to April 3, 1959, the plaintiff was in the employ of the defendant Serial Federal Savings & Loan Association of New York City (hereinafter referred to as the “ defendant association ”) first as an office boy and then as an assistant bookkeeper, teller and cashier in that order. On April 3,1959, the plaintiff was discharged by the defendant association for the alleged defalcation of its funds.
The defendant, the American Surety Company of New York (hereinafter referred to as the “ defendant surety”), issued a fidelity bond in favor of the defendant association in connection with the plaintiff’s employment. Prior to discharging the plaintiff, the defendant association notified the defendant surety of the plaintiff’s alleged dafalcation, and advised the defendant surety that it intended to hold it liable on its bond.
At the time of his discharge there was due the plaintiff from the Savings Association Retirement Fund, an institution separate and distinct from the defendant association and of which it was merely a member, the sum of approximately $3,000. At the time of his discharge on April 3, 1959, although he denied the alleged defalcation, the plaintiff deposited with the bank the sum of $1,400, representing a portion of the approximately $3,000 he had received from the Savings Association Retirement Fund. The $1,400 was deposited with the defendant association in a savings account entitled “Andrew C. Murphy — Trust Acct.” (hereinafter referred to as the “ trust account ”).
At the time of his discharge on April 3, 1959, the plaintiff also executed a written instrument entitled “Declaration of Trust ”, which had been prepared by a representative of the defendant surety. The plaintiff declared therein that the trust account was to be held in trust by him for the use and benefit of the defendant surety and was created to indemnify the defendant surety for any loss it might sustain by reason of the issuance by it of the fidelity bond to the defendant association in connection with the plaintiff’s employment, for which the defendant surety might secure a judgment against the plaintiff. The Declaration of Trust further provided: ‘ ‘ This Declaration of Trust is hereby declared by me to be revocable after December 1, 1959, unless before that time the said American Surety Company of New York has commenced an action against me because of a claim arising out of my employment ”.
The defendant surety having paid to the defendant bank the sum of $2,900.10 on June 17,1959 under the terms of the fidelity *452 bond issued by it in connection with the plaintiff’s employment, and in settlement of the proof of loss filed with it by the defendant association on May 5, 1959, and having thus become subrogated to the claim of the defendant association against the plaintiff for his alleged defalcation, thereafter commenced an action against the plaintiff by the personal service upon him of a summons and oral complaint on December 7, 1959. That action was instituted in the Municipal Court of the City of New York, Borough of Manhattan, First District, to recover the sum of $2,900.10 for moneys expended by the defendant surety by reason of the alleged conversion of the plaintiff herein. On December 16, 1959, the plaintiff herein interposed an answer in the said action wherein he set forth a general denial. At the time of the trial of the within action, the aforesaid action was pending undetermined.
The summons and oral complaint in the action instituted by the defendant surety against the plaintiff herein, although not served until December 7, 1959, had been delivered to a process server on November 25, 1959, by its attorneys with a covering letter wherein the said attorneys requested the process server to serve the plaintiff herein ‘ ‘ as soon as possible ’ ’ and wherein the attorneys advised the process server that November 30, 1959 was the very last day to make service. The letter contained the residence address of the plaintiff herein and also the address of the firm by which he was employed.
On December 22,1959, the plaintiff sent a letter to the defendant association and the defendant surety, wherein he stated that since no action had been commenced against him prior to December 1, 1959, he elected to revoke the Declaration of Trust dated April 3,1959, and demanded the return of the money on deposit in the trust account. On J anuary 5,1960, the plaintiff’s attorney sent a letter to the defendant association wherein he renewed the demand for the return of the money in the trust account. By letter dated J anuary 19, 1960, the attorneys for the defendant association and the defendant surety refused to comply with the plaintiff’s demand.
The instant action was commenced on February 29, 1960. The plaintiff herein seeks to recover the sum deposited by him in the trust account together with interest thereon to date. In their answer to the amended complaint the defendants set forth a general denial and three affirmative defenses. For a first defense the defendants allege in substance that the relationship of creditor and debtor no longer exists between the plaintiff and the defendant association, since on or about April 3,1959, plaintiff assigned his account in trust for the benefit of the defendant *453 surety under the aforesaid Declaration of Trust; for a second defense that there is another action pending in this court for the same cause of action; and for a third defense that the plaintiff assigned to the defendant surety the funds on deposit in the trust account.
The second defense alleged in the defendant’s answer herein merits little consideration. The cause of action alleged in the amended complaint in the instant action is altogether different from the cause of action alleged by the defendant surety in its action against the plaintiff herein; the former is predicated upon an alleged debtor-creditor relationship existing between the defendant association and the plaintiff herein, and the latter is based upon the alleged conversion by the plaintiff herein of the funds of defendant association. The first and third defenses alleged in the defendants’ answer herein, although couched in somewhat different terms, are in substance the same. The question this court is called upon to determine, and to which it will now address its attention, is whether the plaintiff herein, after December 1, 1959, had the power to revoke the Declaration of Trust, and whether upon the exercise of such power he was entitled to the return of the funds deposited by him in the trust account, free of the beneficial interest therein that had been conferred upon the defendant surety thereunder.
Where one creating a trust has by its terms reserved a power of revocation, he can revoke the trust in the manner in which and to the extent to which he reserved such power. (Scott, Law of Trusts [2d ed.], vol. III, § 330, p. 2393; Restatement of Law of Trusts 2d, vol. 2, § 330, subd. [1], p. 132.) Although the Declaration of Trust was prepared by a representative of the defendant surety, it is not necessary for the plaintiff herein to resort, as he has, to the well-recognized and often-cited rule of construction that one who draws the instrument and offers it should have any ambiguity resolved against him (Gerka v. Fidelity & Cas. Co. of N. Y., 251 N. Y. 51), for the Declaration of Trust, in the clearest and most unmistakable terms, conferred upon the plaintiff the power of revocation after December 1, 1959, if the defendant surety had not before that date commenced an action against him. The comfort the defendant surety finds in section 23 of the Personal Property Law is not warranted, for that section is applicable to a situation, unlike that in the case at bar, where there has been no reservation of the power to revoke.
The funds used by the plaintiff to create the trust account were his own, having been a part of the funds he received from the Savings Association Retirement Fund. In creating a trust *454 of Ms own property, the plaintiff had the right to subject the beneficial interest of the defendant surety therein to a condition precedent. If the condition is valid and has not been performed, the beneficiary will not be entitled to the interest. (Scott, Law of Trusts [2d ed.], vol. I, § 11, p. 99.) Under the Declaration of Trust the condition precedent to which the beneficial interest of the defendant surety was subject was the commencement of an action against the plaintiff before December 1, 1959.
A civil action is commenced by the service of a summons, which is a mandate of the court. (Civ. Prac. Act, § 218; N. Y. City Mun. Ct. Code, § 18; Moreno v. Segal, 17 Misc 2d 833.) Thus, the defendant surety, not having served the summons and oral complaint in its action against the plaintiff herein until December 7, 1959, breached the condition precedent to which its beneficial interest under the Declaration of Trust was subject. Although the summons and oral complaint was delivered to the process server for service on the plaintiff herein on November 25, 1959, such delivery did not constitute the commencement of an action. (Cf. Harkow v. New York City Ry. Co., 121 App. Div. 194.) The defendant surety’s breach of the foregoing condition precedent enabled the plaintiff to exercise the power of revocation he had expressly reserved under the Declaration of Trust, and he invoked this power in his letter to the defendants dated December 22,1959.
Although there has been a breach of a condition precedent, a court of equity may refuse to enforce the forfeiture where under all of the circumstances it would be inequitable to do so. This is particularly true where the person benefiting by the breach of the condition is responsible for it. So, too, the person entitled to take on the breach of the condition may be barred from enforcing the forfeiture because of his acquiescence in the breach or his delay in enforcing the forfeiture. (Scott, Law of Trusts [2d ed.], vol. I, § 11, p. 99.) Moreover, it has been held that where the performance of the condition is not within the control of the beneficiary, but is within the control of a third person, it is against public policy to enforce the condition. (Matter of Andrews, 151 Misc. 361.)
While the Municipal Court of the City of New York is without equitable jurisdiction (N. Y. City Mun. Ct. Code, § 6), and thus cannot render an equitable judgment (Brevoort, Inc., v. Meredith, 161 N. Y. S. 2d 236; Hoffman v. Nagler, 206 Misc. 623), it may entertain equitable defenses and grant relief thereon to the extent that it will dismiss a complaint (Segelken v. Ritter, 33 N. Y. S. 2d 566; Le Fevre v. Reliable Paint Supply Co., 152 Misc. 594; Wilbisky v. German Alliance Ins. Co. of N. Y., *455 90 Misc. 335). It is well settled that the remedies of the beneficiary of a trust against the trustee, to declare and enforce his rights, are exclusively equitable, and that the Municipal Court is without jurisdiction to declare and enforce such rights. (Hoffman v. Nagler, supra.) If, however, this court should find that the defendant surety breached the condition of the trust and that the plaintiff properly exercised his power of revocation, then this court does have the power to grant to the plaintiff the legal relief he seeks herein, since the funds on deposit in the trust account would constitute an ordinary debt between the plaintiff and the defendant association, not a privilege or a right of a fiduciary character. (Bank of the Republic v. Millard, 10 Wall. [77 U. S.] 152.) The relationship between a bank and its depositor is that of debtor and creditor. (Solicitor for Affairs of His Majesty’s Treasury v. Bankers Trust Co., 304 N. Y. 282.) When a deposit is made in a bank, a debtor-creditor relationship is created and a claim immediately exists for the return of the money on demand, and in case of a refusal to return the money a cause of action arises in favor of the depositor. (Carr v. Yokohama Specie Bank, 182 Misc. 983, affd. 272 App. Div. 64, affd. 297 N. Y. 674.)
Although the defendants in their answer herein did not specifically raise equitable defenses of the nature of those hereinabove discussed, this court can go as fully as a court of equity into all of the facts herein to open the door to all equitable defenses. (Le Fevre v. Reliable Paint Supply Co., supra.) In their letter to the plaintiff’s attorney dated January 10, 1960, the attorneys for the defendant surety, in refusing the demand for the return to the plaintiff of the funds on deposit in the trust account, state that the summons and oral complaint in the action brought against the plaintiff herein was delivered to the process server for service on November 25, 1959; that attempts were made by the process server to complete such service from that day on and that service was not completed until December 7, 1959, due to the inability of the process server to serve the plaintiff herein. The record before this court is devoid of any evidence of the attempts that were made to effect service upon the plaintiff, nor does the record disclose why the process server was unable to effect service until December 7, 1959. In their letter to the process server dated November 25, 1959, the attorneys for the defendant surety furnished not only the plaintiff’s residence but also the address of the firm by which he was employed. If there had been evidence adduced to support the fact that plaintiff herein evaded service of process between November 25,1959 and December 7,1959, in a deliberate attempt *456 to bring about a breach of the condition, and had thus been responsible therefor, this could deny to the plaintiff the relief sought herein. There is nothing in the record which even remotely suggests this fact. Assuming, arguendo, that such was the fact, the defendant surety might well have commenced the action within the time required by serving the plaintiff herein by substituted service.
The defendant surety cannot contend that the performance of the condition was not within its control, but within the control of the plaintiff or some other person. It seems quite clear that performance of the condition was entirely within the control of the defendant surety. The summons and oral complaint were delivered to the process server on November 25,1959, and served on December 7, 1959. The defendant surety paid the sum of $2,900.10 to the defendant association under the terms of its bond on June 17, 1959 — nearly six months before the critical December 1, 1959 date. Having thus made payment to the defendant association, the defendant surety became subrogated to the former’s claim and could have undertaken the commencement of its action immediately thereafter. Nor can the defendant surety seriously contend that the plaintiff, having sent a letter to the defendants on December 22, 1959, wherein he revoked the Declaration of Trust and demanded the return of the money in the trust account, acquiesced in the defendant surety’s breach of the condition.
Accordingly, judgment is granted in favor of the plaintiff against the defendants in the sum of $1,650, with interest from the 3rd day of April, 1959.