(65 Misc. Rep. 124.)

## MARDT v. SCHARMACH.

(Supreme Court, Special Term, Erie County. November 27, 1909.)

1. VENDOR AND PURCHASER (§ 129*)—TITLE OF VENDOR—SUFFICIENCY.

Where the husband's interest in land as tenant by the entirety is sold upon execution under a judgment secured by his wife for alimony, such interest being purchased by a third person, who subsequently assigned the sheriff's certificate of sale to the wife, which was followed by a sheriff's deed to her, her title is such as to support her action for specific performance against a purchaser from her.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 238–244, 249; Dec. Dig. § 129.*]

2. HUSBAND AND WIFE (§ 14*)—ESTATE BY THE ENTIRETY.

The estate by the entirety still exists in New York.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71, 73; Dec. Dig. § 14.*]

3. HUSBAND AND WIFE (§ 14*)—TENANCY BY THE ENTIRETY—INTEREST OF HUSBAND OR WIFE.

Where a husband and wife hold land as tenants by the entirety, each is seised of the whole estate, with the right of survivorship.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 71, 73; Dec. Dig. § 14.*]

4. HUSBAND AND WIFE (§ 14*)—TENANCY BY THE ENTIRETY—RIGHT OF ALIENATION.

Where land is held by a husband and wife as tenants by the entirety, no right of independent alienation exists therein in favor of either spouse, so that a deed of one separately conveys no title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 82; Dec. Dig. § 14.*]

5. HUSBAND AND WIFE (§ 14*)—ESTATES LIABLE TO SALE—TENANCY BY THE ENTIRETY—HUSBAND'S INTEREST.

The interest in land of a husband as tenant by the entirety is subject to sale on execution; the purchaser taking subject to the wife's right of survivorship.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 85; Dec. Dig. § 14.*]

6. HUSBAND AND WIFE (§ 14*)—ESTATE OF MORTGAGOR—TENANCY BY THE ENTIRETY—INTEREST OF HUSBAND.

The interest in land of a husband as tenant by the entirety may be mortgaged without the wife's consent, and sold on foreclosure.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 82; Dec. Dig. § 14.*]

7. HUSBAND AND WIFE (§ 47*)—TENANCY BY THE ENTIRETY—CONVEYANCE BY HUSBAND TO WIFE.

A conveyance by a husband to his wife of his interest in land as tenant by the entirety is valid.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 237; Dec. Dig. § 47.*]

8. DIVORCE (§ 322*)—EFFECT ON TENANCY BY THE ENTIRETY.

A divorce granted to a husband or wife changes their interest in land as tenants by the entirety to that of tenants in common.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 824; Dec. Dig. § 322.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

119 N.Y.S.—29

Action by Mary Mardt against Joseph Scharmach to compel specific performance of a contract. Judgment for plaintiff.

Wallace Thayer, for plaintiff.
William Palmer, for defendant.

POUND, J. Plaintiff's title is objected to because she originally held the real property in question as seised of the entirety with her husband, Herman Mardt, who is still alive. The husband's interest was sold on execution under and by virtue of a judgment for alimony and costs obtained by plaintiff against him in an action for a separation. Such interest was bought in by one McIntyre, plaintiff's attorney in the action, who assigned the sheriff's certificate of sale to plaintiff, to whom the sheriff executed a deed of the husband's interest in said real estate.

I am of the opinion that the plaintiff's title is good. The peculiar estate known as "tenancy by the entirety" is still recognized in this state. Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361. Husband and wife, so holding, are each seised of the whole estate, with the right of survivorship.

It has been said that no right of independent alienation exists in either spouse, and that the deed of one separately conveys no title. Zorntlein v. Bram et al., 100 N. Y. 12, 2 N. E. 388; Jooss v. Fey, 129 N. Y. 17, 22, 29 N. E. 136. But the rule is clearly established that the interest of the husband is subject to sale on execution; the purchaser taking subject to the wife's right of survivorship. Beach v. Hollister, 3 Hun, 519. And such interest may be mortgaged without the consent of the wife, and sold on foreclosure sale. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762. And a conveyance by the husband to the wife of his interest in lands so held is good. Meeker v. Wright, 76 N. Y. 262; Donahue v. Hubbard, 154 Mass. 537, 28 N. E. 909, 14 L. R. A. 123, 26 Am. St. Rep. 271; Hardwick v. Salzi, 46 Misc. Rep. 1, 93 N. Y. Supp. 265.

I find a dictum in Allens v. Lyon, 216 Pa. 604, 606, 66 Atl. 81, 10 L. R. A. (N. S.) 463, 116 Am. St. Rep. 791, that the wife cannot oust the husband of his interest in property held by the entirety by buying in the same on execution sale; but the same case holds that absolute divorce has no effect upon tenancy by the entirety, while in New York such a divorce changes it to a tenancy in common. Stelz v. Schreck, 128 N. Y. 263, 28 N. E. 510, 13 L. R. A. 325, 26 Am. St. Rep. 475.

The right of independent alienation by legal process, subject to the right of survivorship, is now as plainly recognized in this state as the right of the husband to convey directly to the wife. In this case the sheriff's deed is the deed of the husband, and it vests in the wife the entire estate.

It follows that plaintiff's title is good, and she is entitled to judgment accordingly.