MARTHA A. LOPEZ, Plaintiff, *v.* JAMES A. McQUADE and Another, Defendants.

Supreme Court, Kings County, May 4, 1934.

*Abraham Lehman*, for the plaintiff.

*Joseph A. Solovei* [*Reginald S. Hardy* of counsel], for the defendant McQuade.

*Louis Sussman*, for the defendant Ryder.

RIEGELMANN, J. This is an action brought by the plaintiff against the defendant James A. McQuade, as sheriff, and the defendant Nicholas P. Ryder, to declare two deeds executed by the defendant McQuade to the defendant Ryder null and void and for money damages.

The plaintiff and her husband, Jose Lopez, owned the property in question as tenants by the entirety. On December 2, 1931, a judgment was obtained by one George Heil against her husband,

which was later assigned to the defendant Ryder. Thereafter at an execution sale held on June 24, 1932, all the right, title and interest of the husband was purchased by the defendant Ryder for the sum of $300. Subsequently the plaintiff alleges that she redeemed the interest so sold by paying to the sheriff the sum of $330 on June 23, 1933. Notwithstanding such alleged redemption, however, plaintiff claims that on the 26th day of September, 1933, the defendant James A. McQuade as sheriff executed, acknowledged and delivered to the defendant Ryder a deed of all the right, title and interest of the husband in and to the premises referred to, and delivered a correction deed thereof to Ryder on the 18th day of October, 1933. Upon this state of facts the plaintiff brings this action.

The question involved is whether a wife, whose husband's interest in an estate by the entirety has been levied upon and sold under execution has a right to redeem.

In deciding that question consideration should be given to the nature and extent of the respective interests of a husband and wife in an estate by the entirety.

At common law the doctrine of the unity of husband and wife prevailed. Blackstone refers to the principle " of an union of person in husband and wife." Based upon this ancient doctrine of unity of husband and wife, the courts have declared in reference to estates by the entirety that each is seized of the entirety, that the fee is indivisible and as an entirety is vested in both, that each is seized of the whole and not of any separate part, that upon the death of either the whole survives to the other, and that neither can by any individual act destroy or prejudice the right of survivorship. (*Bertles* v. *Nunan*, 92 N. Y. 152; *Hiles* v. *Fisher*, 144 id. 306, 313; *Matter of Lyon*, 233 id. 208.)

This recognition of the equality of husband and wife with respect to the nature and extent of their ownership and the right of survivorship in each did not prevail at common law in determining the right to the enjoyment of the estate during their joint lives. On the contrary, the husband had the right to the rents and profits during the joint lives to the exclusion of the wife. He had power to sell, mortgage or lease the same, and this exclusive life interest in the rents and profits was subject to the claims of his creditors. The husband's rights in this respect, however, did not spring from the estate by the entirety but inured to him from the principle of the common law which vested in the husband the right to the rents and profits of his wife's land during their joint lives. Subsequent legislation, however, in effect has abrogated the husband's common-law right to the rents and profits of his wife's lands and has conferred

upon the wife full and complete enjoyment and control of her real and personal property and the exclusive right to the rents and profits thereof.

As a result the rule is now recognized that the husband and wife have equal rights with respect to the use and control of an estate by the entirety and to the rents and profits thereof during coverture and as long as the right of survivorship remains in abeyance. Thus each has now an equal right to the possession and an equal right to the use of an undivided one-half of the estate during their joint lives and to the fee in case of survivorship. The rule is recognized in *Hiles* v. *Fisher* (*supra*, at pp. 313 to 316); *Matter of Klatzl* (216 N. Y. 83, at p. 89); *Matter of Weiden* (146 Misc. 381, at p. 388).

The interest of the husband from an early period could be mortgaged and sold on foreclosure and was the subject of sale on execution, subject, however, to the wife's right of survivorship. (*Mardt* v. *Scharmach,* 65 Misc. 124; *Coleman* v. *Bresnaham,* 54 Hun, 619; *Bartkowaik* v. *Sampson,* 73 Misc. 446, at p. 450; *Beach* v. *Hollister,* 3 Hun, 519.)

Thus in *Hiles* v. *Fisher* (*supra,* at p. 316) the court said: " The husband had a right to mortgage his interest, which was a right to the use of an undivided half of the estate during the joint lives and to the fee in case he survived his wife, and by the foreclosure and sale the plaintiff acquired this interest and became a tenant in common with the wife of the premises subject to her right of survivorship."

It seems clear that the lien acquired by a judgment creditor of the husband is precisely commensurate with the lien acquired by a mortgagee of the husband. Certainly neither lien can cover any interest not possessed by the husband. The interest possessed and owned by the latter necessarily determines the scope of the lien and measures the interest acquired by the purchaser at an execution sale. That interest is as stated in the foregoing cases.

Having in mind the nature and extent of the interest of a husband and wife in an estate by the entirety, as above defined, the question remains as to who may redeem. The right in law to redeem from a sale exists only when given by statute and such also is the general rule in equity. (*Crisfield* v. *Murdock,* 127 N. Y. 315, at p. 328; *Gilchrist* v. *Comfort,* 34 id. 235, at p. 238.)

The statutory provisions for such redemption are found in article 43 of the Civil Practice Act. Section 737 thereof, among others, is relied upon by the plaintiff. That section reads as follows: " Redemption by owners of undivided shares. Where two or more persons own undivided shares, as joint tenants or as tenants in

common, in real property sold by virtue of an execution, or in a distinct parcel thereof which has been separately sold, each of them may redeem from the purchaser, as prescribed in sections seven hundred and twenty-four and seven hundred and twenty-five of this act, the share or interest belonging to him, by paying a part of the purchase-money bid for the property, or for that distinct parcel thereof bearing the same proportion to the whole, as the share or interest, proposed to be redeemed, bears to the property, or distinct parcel separately sold, of which it is a part; together with interest on the sum so paid from the time of the sale at the rate of ten per centum per annum."

Clearly that section is not applicable to the present case since it expressly refers to joint tenants and tenants in common and not to tenants by the entirety. Moreover, the right therein afforded to redeem is limited to the share or interest " belonging to him." The right of the plaintiff, while survivorship remains in abeyance, is precisely commensurate with the right of her husband. That is the right to the use and enjoyment of one-half the estate, to one-half of the usufruct, during the joint lives, with the possibility of acquiring an entire fee in individual ownership if she survives her husband. Such is the measure of her interest and this interest she still retains unaffected by the execution sale. Every right that she formerly possessed she still possesses. Having been deprived of no interest by the execution sale there is nothing to be regained or reacquired through the medium of redemption. By the exercise of the right of redemption plaintiff is seeking to acquire not something which she had formerly possessed and enjoyed, but an interest which she had never before owned. In fact, the logical result would be that she seeks to acquire the entire interest formerly possessed by her husband, including the right of survivorship, with the result that the entire fee would be vested in her in individual ownership. Such, it seems to me, is a result not within the scope of and not contemplated by the existing redemption statute.

The court appreciates fully the circumstances of this case and the desire of the plaintiff that a stranger should not share with her the joint right of use and enjoyment of the premises during the period of the abeyance of the right of survivorship, but however sympathetic it may feel, the law, as above referred to, is controlling. The complaint must, therefore, be dismissed. The plaintiff, however, is entitled to the return of the $330 heretofore paid to the sheriff, and the judgment to be submitted shall so provide. Settle findings and judgment on notice.