THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GORDON S. HARRIS, Defendant.

Supreme Court, New York County, August 3, 1934.

*Harold H. Straus, Special Assistant District Attorney,* for the plaintiff.

*William A. Blank,* for the defendant.

BLACK, J. This is an application by relator Gordon S. Harris by writ of habeas corpus for his release from the custody of the warden of a prison on the ground that he is illegally detained under a sentence of three months by the judges of Special Sessions. This three months is the alternative sentence imposed upon him because he did not pay the $500 fine.

The relator violated the Schackno Act, which is an act of the State of New York passed in 1933 after the passage of the National Industrial Recovery Act, and intended to fortify it by providing a plan of enforcement for the code of fair competition for the motor vehicle trade and other codes in New York State. It provides that " any violation of any provision of such code, agreement,

license, rule or regulation shall be a misdemeanor, and upon conviction thereof the person convicted shall be fined not more than five hundred dollars for each offense, and for each day such violation continues a separate offense subject to the fine herewith prescribed shall be deemed to have been committed." (Laws of 1933, chap. 781, § 2.)

Relator was convicted after a trial of several days, and the stenographic report of part of the trial shows the following: " Justice KERNOCHAN: The judgment of the court is that the defendant be fined $500 or serve three months in the city prison. If he wants to pay the $500 he may do so and escape 90 days in prison. If he does not wish to do so he will be remanded. * * * Mr. Blank (attorney for defendant): I thought your Honor wants to know whether you can imprison a man under that section of the law as it is. Justice KERNOCHAN: The matter is disposed of. $500 or ——. Mr. Blank: I was going to ask your Honor if you could confine him somewhere ——. Justice KERNOCHAN: He will be turned over to the proper authorities if he does not pay his fine. Mr. Blank: The fine is not being paid."

In other words, relator was fined $500, and if he did not pay the fine he was to be imprisoned for three months for such nonpayment. This sentence of three months was about 400 days less than a day for every dollar of the unpaid fine.

Under section 484 of the Code of Criminal Procedure: " a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satified, specifying the extent of the imprisonment, which cannot exceed one day for every dollar of the fine."

There is also section 718 of the Code of Criminal Procedure, applicable to the Courts of Special Sessions, which provides as follows: " A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied; specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine."

Counsel for the relator claims that the Court of Special Sessions had no right to sentence the relator to three months, but only had the right to fine him. If that view is correct, the only punishment the court could fix in case of further violation would be to fine the relator again for each day the violation continues.

Several views on the construction of the Schackno Act were discussed in the argument before this court.

But the correct construction is that the relator can be fined $500, and that if he does not pay, he can then be imprisoned for nonpayment of the fine. This is a reasonable construction, because a

reading of the whole Schackno Act clearly demonstrates that it was intended, at least in part, as a criminal act, and that the punishments it provided should be effective.

The statement has been made that the relator lives in New Jersey, and if his counsel's contention is correct, in order to avoid the fine all he would have to do would be to say: " I haven't the $500. I am sorry," after which he could retire to his home in New Jersey and leave the fine unpaid. Such action on relator's part would remove every enforcement tooth in the act, and render it innocuous, ineffective and undangerous to every violator. Certainly the Legislature could have intended no such nugatory proceeding.

In the opinion of the court, the Legislature could only have meant that the fine would be first imposed, and that if that was not paid then the punishment of imprisonment would follow.

The matter is so well put by Judge CARDOZO in the case of *Chapman* v. *Selover* (225 N. Y. 417, 419) that a brief statement of it may be useful. That case was for false arrest, alleging that the defendant was arrested for driving his automobile at a greater rate of speed than fifteen miles an hour, in violation of the ordinance which provided that " offenders shall be guilty of a misdemeanor, punishable by a fine not exceeding $50.' Judge CARDOZO in passing upon the validity of this ordinance, said (at p. 421): " The state when it punishes misdemeanors by fine is not confined to the dubious remedy of a civil action for a penalty (Code Civ. Proc. sec. 1962). The offender who refuses to pay [the fine] may be imprisoned until the fine is satisfied, subject to the condition that the imprisonment may not exceed one day for every dollar of the fine (Code Crim. Proc. secs. 484, 718; *Colon* v. *Lisk*, 13 App. Div. 195, 204, 205; affd., 153 N. Y. 188). The punishment is not solely the liability for a debt. The punishment includes the consequences that follow upon the default."

The writ of habeas corpus is dismissed and the relator is remanded to custody.