CLARA PTASZYNSKI, Appellant, v. HENRY FLACK, Respondent.— Defendant moved to dismiss the plaintiff's complaint upon the ground that she failed to allege sufficient facts to state a cause of action. The motion was granted, whereupon the plaintiff moved for reargument. The motion for reargument was granted and upon reargument the court adhered to its original decision. From the order entered thereon the plaintiff appeals. Order on reargument reversed upon the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Defendant's time to answer is extended until twenty days from the entry of the order hereon. The complaint alleges that as part of the consideration paid for certain real estate, a mortgage on the premises was discharged of record, whereby a judgment of record, but unknown to the parties to the contract, was promoted and made superior to the interest in the premises conveyed to the appellant. The relief sought is the cancellation of the satisfaction of such mortgage, that it be revived and reinstated, and that the plaintiff be decreed the owner and holder thereof. The respondent's judgment is a lien only upon the interest of his judgment debtor at the time the judgment was docketed. (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280.) Under the facts alleged the plaintiff is the equitable owner of the satisfied mortgage, or at least a portion thereof (*Barnes* v. *Mott*, 64 N. Y. 397; *Clute* v. *Emmerich*, 99 id. 342) and is entitled to relief in equity. Hagarty, Taylor and Close, JJ., concur; Lazansky, P. J., and Johnston, J., dissent and vote to affirm the order with the following memorandum: The allegations of paragraph " Tenth " of the complaint are vague and indefinite and do not

clearly demonstrate that plaintiff is entitled to invoke the equitable power of the court to revive the second mortgage as a lien prior to that of the lien of the judgment. There should be an amended complaint showing exactly what the transaction was between Albert Zoller and plaintiff at the time of the conveyance of the premises involved.