In the Matter of SIDNEY EISENBERG, Judgment Creditor, against MERCER HICKS CORPORATION, Judgment Debtor. DANIEL J. RIESNER, as Receiver of MERCER HICKS CORPORATION.

Supreme Court, Special Term, New York County, December 7, 1950.

*Rene H. Karsten* for judgment creditor.

*Martin L. Stein* for Manufacturers Trust Co.

*Menahem Stim* for receiver.

WALTER, J. On July 24, 1950, Sidney Eisenberg, obtained in the City Court a judgment against Mercer Hicks Corporation for $2,957.46, and commenced supplementary proceedings by causing a third-party subpœna to be served upon Manufacturers Trust Co., with which the judgment debtor had an account, the credit balance in which was $20,393.80.

On July 26, 1950, in an action against Mercer Hicks Corporation and others brought by the Attorney-General under article 23-A of the General Business Law, this court appointed a receiver of " all property derived by Mercer Hicks Corporation by means of fraudulent practices and all property with which such property has been commingled if such property cannot be identified in kind because of such commingling " (see General Business Law, § 353-a, and *Hughes* v. *Ellenbogen,* 256 App. Div. 1103).

Under a stipulation between the interested parties made August 29, 1950, Manufacturers Trust Co., paid over to the receiver $17,436.34 of Mercer Hicks' credit balance and continues to hold the remaining $2,957.46, subject, so the stipulation says, to the further order of the City Court.

The judgment creditor moved for an order directing that the $2,957.46 be paid to him, and the City Court denied the motion upon the ground that the fund is in possession of a receiver appointed by this court and no proceeding can be had against him without leave of this court.

The judgment creditor then made this motion for leave to bring supplementary proceedings against the receiver, and the receiver cross moves for an order directing that the money be turned over to him.

It, of course, is clear that by commencing supplementary proceedings the judgment creditor obtained a lien upon such property of the judgment debtor as the proceeding lawfully

may reach (*Matter of Wickwire Spencer Steel Co.* v. *Kemkit Scientific Corp.*, 292 N. Y. 139; *Jasper* v. *Rozinski*, 228 N. Y. 349, 356; *Metcalf* v. *Barker*, 187 U. S. 165, 172, 173).

It is equally clear that a receiver takes the property of which he is appointed receiver subject to such valid liens as exist upon it when he is appointed (45 Am. Jur., Receivers, §§ 156, 157, pp. 129–132).

But the lien which a judgment creditor obtains by commencing his supplementary proceeding is a lien upon only such interest in the property as the judgment debtor has. His rights under his lien cannot rise higher than the rights of the judgment debtor. He cannot get more than the judgment debtor had (34 C. J., Judgments, § 903, p. 591; *Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221, 227; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280, 288; *Beman* v. *Douglas*, 1 App. Div. 169; *Fox* v. *Sizeland*, 170 Misc. 390, 400; *United States* v. *Certain Lands*, 44 F. Supp. 830; *Coldiron* v. *Asheville Shoe Co.*, 93 Va. 364, 372; *Dingus* v. *Minneapolis Improvement Co.*, 98 Va. 737, 748; *Borst* v. *Nalle*, 28 Grat. [69 Va.] 423, 433; *Floyd* v. *Harding*, 28 Grat. [69 Va.] 401, 407; *Shipe, Cloud & Co.* v. *Repass*, 28 Grat. [69 Va.] 716, 722, 723; *Cowardin* v. *Anderson*, 78 Va. 88).

To the extent, therefore, that the receiver has, or lawfully represents persons who have, an interest in or claim against this $2,957.46 which is superior to the interest of the judgment debtor therein, the receiver is entitled to prevail over the judgment creditor.

The scheme of article 23-A of the General Business Law (the so-called Martin Act) is that property obtained by the fraudulent practices therein described shall go back, as far as possible, to the persons from whom it was obtained by means of such fraudulent practices; and it is to that end that the receiver therein authorized is made receiver of property derived by means of such fraudulent practices and is directed to liquidate the same for the benefit of all persons intervening in the action in which he is appointed and establishing an interest in such property (General Business Law, § 353-a).

If, therefore, the money on deposit with Manufacturers Trust Co., to the credit of Mercer Hicks Corporation were in fact derived by fraudulent practices, the persons from whom it was so derived have an interest in or claim to it which is superior to the title or interest of Mercer Hicks Corporation and hence superior to the lien of the judgment-creditor; and as the receiver is here the legal representative of such persons,

if such there be, his right is superior to that of the judgment creditor, or at least will be superior in case it is determined that the money was derived by fraudulent practices.

The papers upon these motions do not enable me to decide whether the $2,957.46, here in question, was or was not derived by means of fraudulent practices, and therefore do not enable me to determine whether the receiver's right is or is not superior to the lien of the judgment-creditor. But it seems to me patently clear that their rights should be determined in this action.

The judgment creditor's motion is therefore denied, without prejudice to the right of the judgment-creditor to intervene in this action and establish, if he can, a right to or an interest in the property. The cross motion of the receiver to have the money turned over to him is granted, to the end that he may account for it to this court, in this action, and ultimately make such disposition of it as shall be directed by the judgment to be entered herein.

Counsel for Manufacturers Trust Co., seem somewhat disturbed over the fact that the stipulation of August 29, 1950, provides that the company shall hold the $2,957.46 subject to the further order of the City Court. It is plain, however, that the stipulation could not divest this court of its undoubted jurisdiction nor confer upon the City Court a jurisdiction it does not possess; and the City Court already has acknowledged its lack of jurisdiction by its denial of the motion previously made therein by the judgment creditor.

The motions are accordingly disposed of as above indicated.