FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NEW YORK, Respondent, v. HARRY LEWIS et al., Defendants, and UNITED STATES OF AMERICA, Appellant.

Second Department, July 24, 1961.

*Mark I. Cohen* of counsel (*Stephen Kurzman* with him on the brief; *S. Hazard Gillespie, Jr.,* and *Morton S. Robson, United States Attorneys*), for appellant.

*Frederick F. Hufnagel* of counsel (*W. Rowland Miller, II,* with him on the brief; *Bertine & Hufnagel,* attorneys), for respondent.

BRENNAN, J. In this action to foreclose a consolidated first mortgage on certain real property in Westchester County, the essential facts are not in dispute.

It appears that on March 30, 1950, the defendants, Harry Lewis and Laila Lewis, his wife, acquired the real property which

was then incumbered by a first mortgage made to plaintiff and held by it. At the same time these owners executed and gave to plaintiff an additional bond and mortgage covering the same premises, and both mortgages were consolidated into a single mortgage. Each of these mortgages was promptly recorded and, as consolidated, contained the usual covenant authorized by statute (Real Property Law, § 254, subds. 4, 6), namely: that the owners agree to pay promptly all local taxes, assessments, water rates and fire insurance premiums on the mortgaged premises; that upon the owners' failure to do so the mortgagee may pay these charges; and that all sums so paid by the mortgagee are to be added to and become part of the mortgage indebtedness.

On July 7, 1955, notice of four Federal tax liens against defendant Harry Lewis, one of the owners, was duly filed in the Westchester County Clerk's office. Thereafter and on August 16, 1956, notice of four additional Federal tax liens against said Harry Lewis was also duly filed in said Clerk's office.

The owners failed to pay the agreed monthly installments of principal and interest which became due under the consolidated first mortgage on March 1, 1959, and on the first day of each succeeding month up to and including December, 1959. On June 25, 1959, the plaintiff advanced and paid a renewal premium then due for fire insurance; and on September 22, 1959, the plaintiff also advanced and paid the school district taxes which became a lien on September 1, 1959.

The plaintiff commenced this foreclosure action in December, 1959. Pursuant to a stipulation made in the action, it was agreed in substance that there be reserved to the United States its right to assert the priority of its tax liens over the advances and payments so made by the plaintiff and over all other subsequently accrued local municipal taxes. Accordingly, the United States asserted its said claim of priority upon plaintiff's motion to confirm the Referee's report of computations and to obtain judgment of foreclosure and sale. A judgment of foreclosure and sale in favor of and in the form proposed by the plaintiff was made and entered.

On this appeal, the United States contends that such judgment is erroneous in that: (1) it confirms the Referee's report of computations which includes, as a part of the mortgage debt found due to the plaintiff, the said advances or payments made by the plaintiff mortgagee for the unpaid school taxes and insurance premium, thereby granting to the plaintiff priority for such advances over the Federal tax liens; and (2) it directs the Referee (therein appointed to sell the mortgaged premises) to pay out of the proceeds of sale, prior to his payment of said

Federal tax liens, those local real property taxes, assessments and water charges which accrued subsequent to the Federal tax assessments and the filing of the Federal tax liens, and which remained due and unpaid at the time of the sale.

In our opinion, the contention of the United States that its tax liens have priority over the sums so advanced and paid by the plaintiff mortgagee and over all other subsequently accrued local realty taxes, assessments and water charges must be sustained under the rule in *United States* v. *City of New Britain* (347 U. S. 81), as subsequently applied in *Metropolitan Life Ins. Co.* v. *United States of America* (9 A D 2d 356) and *Buffalo Sav. Bank* v. *Victory* (13 A D 2d 207).

The fact that sections 1082 and 1087 of the Civil Practice Act require that out of the proceeds of a mortgage foreclosure sale the Referee shall pay the local taxes, assessments and water charges as "expenses of the sale" does not aid the plaintiff mortgagee and does not take this case out of the operation of the *New Britain* rule. It has been held that a State, on behalf of a municipality, cannot impair the standing of Federal liens without the consent of Congress; that the characterization or effectiveness of a lien by State law, while good for all State purposes, is not necessarily binding on the Federal courts; and that the question of the priority of a Federal lien is one to be determined by Federal law (*Michigan* v. *United States*, 317 U. S. 338, 340; *United States* v. *City of New Britain*, 347 U. S. 81, 84, *supra*; *United States* v. *Acri*, 348 U. S. 211, 213; *United States* v. *Security Trust & Sav. Bank*, 340 U. S. 47, 49; *United States* v. *Waddill Co.*, 323 U. S. 353, 357; *Aquilino* v. *United States*, 3 N Y 2d 511, 515, revd. 363 U. S. 509).

In view of the fact that in the case at bar the Special Term, in rejecting the contentions of the United States on the issue of priority, relied on our decision in *Rikoon* v. *Two Boron Dress* (9 A D 2d 783), we deem its advisable to state that such decision was based upon our determination that the amended judgment of foreclosure and sale which had been granted in that case and which had not been vacated or appealed from, was conclusive and *res judicata* against the appellant, United States; and that by reason thereof, the United States had no standing to question the report of sale which disclosed that the Referee, in allowing the purchaser at the sale a credit for local real estate taxes paid by the purchaser, had done what he was required to do pursuant to the provisions of the amended judgment.

By our decision in the *Rikoon* case, rendered without opinion, in which we affirmed the order of the Special Term, we did not intend to adopt or approve the various other grounds upon

which the Special Term in that case had granted the order (see 9 Misc 2d 591). Nor did we, by our recitals in such decision of the various other grounds upon which Special Term had relied, intend to imply that we had passed upon the merits of the issue of priority. However, our said decision of affirmance was not expressly limited to the ground that the amended judgment was *res judicata* and that the Referee had no alternative but to comply with its terms. Hence, the subsequent mistaken reliance by the Special Term in the present action (as well as by others) on the recitals contained in that decision is readily understandable.

While the contentions of the United States on the issue of priority have been sustained here, attention must be directed to the existence of an important complicating factor which stands in the way of the present satisfaction of the Federal tax liens. Such Federal tax liens were filed against the defendant, Harry Lewis, only; they embrace taxes assessed against him alone. However, from the record it would appear that for some time prior to the commencement of this foreclosure action, the mortgaged premises were owned by the defendant Harry Lewis and by defendant Laila Lewis, his wife, presumably as tenants by the entirety; and that the premises have been so owned since the commencement of the action. The subject of the " ' property ' or ' rights to property ' " to which a Federal tax lien attaches is a matter of State law (*Aquilino* v. *United States,* 363 U. S. 509, *supra; United States* v. *Bess,* 357 U. S. 51).

In this State, it appears to be well settled that where realty owned by husband and wife is sold in a mortgage foreclosure action, the proceeds which remain after the mortgage debt is satisfied are constructively real property held in entirety by both spouses (*Dunning* v. *Ocean Nat. Bank,* 61 N. Y. 497; *Germania Sav. Bank* v. *Jung,* 18 N. Y. S. 709). And while the interest of one such tenant may be conveyed, mortgaged, or sold upon execution, the grantee of such a conveyance or the purchaser upon a sale in an action to foreclose the mortgage or the purchaser upon an execution sale becomes a tenant in common with the other tenant by the entirety, but subject to said other tenant's right of survivorship (*Hiles* v. *Fisher,* 144 N. Y. 306; *Finnegan* v. *Humes,* 252 App. Div. 385, affd. 277 N. Y. 682; *Bartkowaik* v. *Sampson,* 73 Misc. 446; *Infante* v. *Sperber,* 187 Misc. 9; *Stretz* v. *Zolkoski,* 118 Misc. 806).

Since here, the Federal taxes were assessed and the Federal tax liens were filed against Harry Lewis only, it follows that such liens may attach only to his interest as a tenant by the entirety in the mortgaged premises. Under these circumstances,

the judgment of foreclosure and sale here must also provide that if the proceeds of the sale of the premises should be in such a sum as to permit the Federal tax liens to attach thereto, then the portion of the proceeds to which said liens do attach shall be deposited with the Commissioner of Finance of Westchester County to the credit of this action and shall be held subject to further court order, so that Laila Lewis' right of survivorship in and to said fund may be preserved (cf. *Germania Sav. Bank* v. *Jung, supra*; *Stretz* v. *Zolkoski, supra*).

Accordingly, the judgment should be modified on the law, as follows:

(a) By directing that the Federal tax liens shall have priority over the payments made by the plaintiff for real estate taxes and for the insurance premium, and over all other subsequently accrued real estate taxes, assessments and water charges;

(b) By directing that if the proceeds of the foreclosure sale of the mortgaged premises should be in such a sum as to permit the Federal tax liens to attach thereto, then, instead of paying therefrom the amount due on said tax liens, the portion of such proceeds to which said liens do attach shall be deposited with the Commissioner of Finance of Westchester County, to the credit of this action, and shall be held subject to further court order; and

(c) By directing that for a period of one year after the sale of the mortgaged premises, the United States shall be entitled to redeem them pursuant to the equity of redemption accorded to it by Federal statute (U. S. Code, tit. 28, § 2410, subd. [c]); and by directing that said premises be sold by the Referee subject to said right of redemption in the United States.

As so modified, the judgment, insofar as appealed from, should be affirmed, without costs.

The findings of fact of the Special Term should be affirmed.

The order, to be settled on 10 days' notice, shall specify the terms and provisions to be contained in the judgment of foreclosure and sale as here directed to be modified.

NOLAN, P. J., KLEINFELD, CHRIST and PETTE, JJ., concur.

The judgment is modified on the law. As so modified, the judgment, insofar as appealed from, is affirmed, without costs. The findings of fact of the Special Term are affirmed.

Settle order on 10 days' notice, specifying the terms and provisions to be contained in the judgment of foreclosure and sale as here directed to be modified.