Arthur C. Aulisi, J.
This is a proceeding pursuant to section 150 of the Debtor and Creditor Law to discharge and cancel of record certain judgments docketed in the Saratoga County Clerk’s office.
All of the judgments were obtained against Ernest W. Phillips, the husband of the petitioner in this proceeding, and were filed and docketed in the clerk’s office on March 30, 1971, except for the Sherman judgment which was filed and docketed one day later and the Daigle judgment which was filed and docketed on April 27,1973.
On or about March 1, 1973, a voluntary petition in bankruptcy, which included all of the creditors named in this proceeding, was filed by the judgment debtor in the United States District Court for the Northern District of New York. He was thereafter adjudicated a bankrupt and, on August 24, 1974, discharged from his debts by an order of discharge entered in the Bankruptcy Court on that day.
At the time of the filing of the bankruptcy petition, Ernest W. Phillips and his wife, Gertrude Phillips, the petitioner herein, were the owners, as tenants by the entirety, of certain real property located in the Town of Ballston, Saratoga County, New York. From papers submitted on this application, it appears that during the course of the bankruptcy proceeding, the trustee in bankruptcy notified all creditors *850 that he had received an offer of $100 from Gertrude Phillips for the purchase of her husband’s interest in the real property and that such interest would be sold to her for said sum at a hearing scheduled by the Bankruptcy Court, unless a higher offer for the bankrupt’s interest in the property was made. The notice to the creditors was in the form of an order to show cause which notified the creditors of the offer, fixed the time and place of sale, and indicated that the sale would be subject to all liens and encumbrances, including, but not limited to, two mortgages covering the subject premises.
It also appears that the real property interest of the bankrupt was sold by the trustee in bankruptcy to Gertrude M. Phillips for the sum of $100 and that a trustee’s deed was given to her on September 27, 1974, conveying the interest of the bankrupt in the premises, subject to the liens of the two mortgages above mentioned.
The proceedings in bankruptcy further show that the trustee in bankruptcy filed a report and account indicating the receipt of a total sum of $350, of which $176.75 was available for distribution to creditors after the payment of administration expenses and that five of the six judgment creditors appearing in opposition to this application shared, with the unsecured creditors, in the first and final dividend paid by the trustee in bankruptcy, each receiving 5§4oo of 1% (.0058) of the respective amounts proved and allowed by the Bankruptcy Court.
The petitioner contends on this application that all of the judgments should be discharged, without qualification, because (1) all of the creditors were given notice of the sale of the property to the petitioner and had an opportunity to object and (2) some of the judgment creditors participated, on an equal footing with the unsecured creditors of the bankrupt, in the distribution of the assets of the bankrupt’s estate.
Six judgment creditors appeared in opposition to the application contending that the liens of their judgments survived the bankruptcy proceeding and that the petitioner was entitled to only a qualified discharge of their judgments because the discharge of the bankrupt in the bankruptcy proceeding affects only his personal liability and could not extinguish the lien of the judgments on the subject premises. One judgment creditor, Funston Lumber & Supply Co., also urged that it did not participate in the distribution of the bankrupt’s estate. None of the arguments of the other judgment creditors were *851 addressed to the question of the effect of such participation upon their respective liens.
In the light of the foregoing facts, the court finds that the judgments of the creditors appearing in opposition to the application were liens on the subject real property and the petitioner has not established "to the satisfaction of the court” that the liens were invalidated or surrendered in the bankruptcy proceeding or set aside in an action brought by the receiver or trustee. (Debtor and Creditor Law, § 150, subd 4.)
Section 150 recognizes that some judgment liens on property of a bankrupt may survive the bankruptcy. It is clear from the decisions that the basic rights of debtor and creditor are established in the bankruptcy proceeding and that section 150 merely permits the adjustment of the record to reflect the discharge in bankruptcy. (Burns Bros. v Esperanza Holding Co., 15 NYS2d 78.) Under the statute, an interested party may be entitled to either a discharge or a qualified discharge of the judgment, depending upon considerations specified in the statute.
In this case, the docketing of the judgments created liens upon the subject premises which were then owned by the petitioner and her husband, the judgment debtor, as tenants by the entirety. (CPLR 5203, subd [a].) Such liens attached to the judgment debtor’s interest in the real property which came into the hands of his trustee in bankruptcy. (United States v Sampsell, 153 F2d 731, 735.) That such liens were to survive the bankruptcy is evident from the circumstances under which the property interest of the judgment debtor was sold. The notice of sale to the creditors specifically provided that such interest would be sold subject to all liens and encumbrances. Although a similar recital was not included in the deed to the petitioner, it is obvious that the sale to her was made pursuant to the terms in the notice since the consideration expressed in the deed is the same consideration stated in the offer which was referred to in the notice of sale.
The petitioner, therefore, took her husband’s interest in the real property subject to the liens of such judgments, unless such judgment liens were invalidated or surrendered in the bankruptcy proceeding or set aside in an action brought by the receiver or trustee. In this respect, nothing has been brought to the attention of the court by the petitioner except that five of the six judgment creditors opposing this applica *852 tion participated, with unsecured creditors, in the assets of the bankrupt’s estate.
"It does not follow * * * that the receipt of general dividends by a lien creditor is necessarily a waiver of the lien, citing United States Nat. Bank v Chase Nat. Bank (331 US 28). There is no absolute or rigid rule that participation by a secured creditor in distribution from the general assets on the basis of his full claim indicates a waiver of the security and an election to be treated as an unsecured creditor. Equitable principles which apply in courts of bankruptcy must be applied in determining whether the participation by a secured creditor in the general assets constitutes a waiver of his security, and the question of waiver of security by acceptance of dividends from the general assets depends upon the circumstances surrounding the receipt of the dividends.” (9 Am Jur 2d, Bankruptcy, § 477, p 369.)
The case of Long Is. Trust Co. v Felder (63 Misc 2d 413) relied upon by the petitioner, presents a different factual situation. Some of the distinguishing features of that case included the fact that the judgment sought to be discharged was docketed within the four-month period prior to bankruptcy and that the judgment debtors both filed petitions in bankruptcy and in the bankruptcy proceeding purchased the trustee’s interest in the real property of which they were the record owners.
In view of the foregoing, the court finds that the petitioner is entitled to only a qualified discharge of the judgments in issue. In all other respects, the application is granted.
The order to be submitted shall specify that the qualified discharge is granted pursuant to section 150 (subd 4, par [b]) of the Debtor and Creditor Law.