In re Dolores ROUSE, Debtor.

Dolores ROUSE, Plaintiff,

v.

INDUSTRIAL COMMISSIONER OF the STATE OF NEW YORK, Chemical Bank, Aflo Credit Corporation, Limited Editions Collection Society, Inc., Rockland Carpenters, Inc., Mario Lotti, Teresa DeCook and Andre DeCook, Executors Under the Last Will and Testament of Fred Witt, Deceased, Matthew Bender and Company, Huffman Koos, Inc., Clients Security Fund of New York State as Assignee of Ruth Wild, Pearl U. Boyan, Lawyers Cooperative Publishing Company, Office Help Temporaries of Yonkers, Inc., Sheldon Chesnin, Nyack Hospital, Orange and Rockland Utilities, Inc., and the United States of America, Arthur J. Rouse, Defendants.

Bankruptcy No. 85–B–20481.
Adv. No. 85ADV.6113.

United States Bankruptcy Court,
S.D. New York.

Jan. 3, 1986.

Kelly and Sluys, Pearl River, N.Y., for plaintiff; Peter Sluys, of counsel.

Kleinman & Saltzman, P.C., New City, N.Y., for defendants Chemical Bank and Lawyers Co-op. Pub. Co.; Carole Ann Geronimo, of counsel.

## DECISION ON MOTION TO EXPUNGE LIEN CLAIMS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This is an adversary action to declare that the proposed sale of this Chapter 13 debtor's residential property originally held by the debtor, Dolores Rouse, and her non-debtor husband, Arthur Rouse, as tenants by the entirety, and now held by the debtor in fee simple, be declared free and clear of certain liens filed against the husband alone while he held his entirety interest. Two judgment creditors of the husband who docketed their judgments prior to the recordation of the husband's transfer of his interest to the debtor, assert that their liens extend to the entire proceeds of the proposed sale.

## FINDINGS OF FACT

1. On October 11, 1985 the debtor, Dolores Rouse, filed her petition for relief under Chapter 13 of the Bankruptcy Code with this court.

2. In 1974, the debtor and her husband, Arthur Rouse, purchased their residence in West Nyack, New York as tenants by the entirety. The purchase price was partially funded out of the proceeds from a mortgage in the principal sum of $30,000 which was signed by Arthur and Dolores Rouse.

3. In 1977, Arthur and Dolores Rouse gave a second mortgage on the residence in the principal amount of $5150.

4. On February 16, 1983 a joint judgment against Arthur and Dolores Rouse in the amount of $1296.00 was perfected by Nanuet National Bank. As of November 1, 1985 real property taxes due to the Town of Clarkstown amounted to $8000.

5. In addition to the foregoing joint obligations, Arthur Rouse executed a mortgage in the sum of $12,375.00 which was recorded on June 10, 1980.

6. On December 7, 1982 Internal Revenue Service liens in the sum of $4938.00 were docketed against Arthur Rouse. Eighteen judgment creditors of Arthur Rouse docketed their judgments against him, commencing in 1982.

7. On November 22, 1982, the defendant, Chemical Bank, recorded its judgment against Arthur Rouse in the Rockland County Clerk's Office in the sum of $2025.14.

8. On March 7, 1984, the defendant, Lawyers Cooperative Publishing Company, commenced an action against Arthur Rouse in the County Court of Rockland County, New York.

9. On March 12, 1984 Arthur Rouse entered into a conveyance with his wife, Dolores Rouse, and transferred to her for no monetary consideration his interest in their residence in West Nyack, Rockland County, New York.

10. On August 22, 1984, Lawyers Cooperative Publishing Company entered its judgment against Arthur Rouse in the Rockland County Clerk's Office in the sum of $9121.45.

11. On July 22, 1985, Dolores Rouse recorded the transfer of her husband's interest to her with respect to their residence in West Nyack, New York, in the Rockland County Clerk's office.

12. Arthur Rouse had already been a Chapter 13 debtor before this court twice when his wife, Dolores Rouse, filed a Chapter 13 petition in her own right. Arthur Rouse's first Chapter 13 petition was filed with this court on March 8, 1984, and was dismissed on August 23, 1984. His second Chapter 13 petition, was filed on November 13, 1984, and was dismissed on September 10, 1985.

13. On October 11, 1985, when Dolores Rouse filed her Chapter 13 petition with this court, she was the sole owner of the home in which she resided with her husband.

14. On November 12, 1985, her motion for authorization to sell her West Nyack house to a prospective purchaser for $85,-000.00 was approved by this court.

### DISCUSSION

The debtor, Dolores Rouse, agrees that the mortgages, judgments and tax obligations which she and her husband owe jointly, must be satisfied first out of the proceeds of the proposed sale of the West Nyack residence. The debtor contends, however, that the balance remaining should be split evenly between her husband, Arthur, and herself. She maintains that she is entitled to one-half of the balance of the proceeds free and clear of all liens and judgments owed by her husband, Arthur, in his individual capacity and that his lien creditors should be limited to satisfaction from his interest only.

There is no dispute that if real estate owned by a husband and wife as tenants by the entirety is converted into cash, the husband and wife will share the proceeds equally as tenants in common. *Matter of Blumenthal*, 236 N.Y. 448, 141 N.E. 911, 30 A.L.R. 901 (1923); *Secrist v. Secrist*, 284 App.Div. 331, 132 N.Y.S.2d 412 (4th Dept.1954) *aff'd* 308 N.Y. 750, 125 N.E.2d 107 (1955) *First Federal Savings & Loan Assn. v. Lewis* 14 A.D.2d 150, 218 N.Y.S.2d 857 (2d Dept.1961). However, in the instant case, the tenancy by the entirety was not converted into cash. The tenants extinguished the jointly held interests by merg-

er when Arthur Rouse conveyed his interest to his wife, Dolores, who then recorded the transfer as the sole owner on July 22, 1985.

Prior to the transfer of Arthur Rouse's ownership rights in the residence to his wife as sole owner, his creditors could only look to his share of the real estate for satisfaction of their claims against him. This is so because his creditors' rights under their liens against him could not exceed his interest in real estate; they could get no more than he had. *Eisenberg v. Mercer Hicks Corp.*, 199 Misc. 52, 54, 101 N.Y.S.2d 662, 665 (Sup.Ct.N.Y.Co.1950), *aff'd* 278 App.Div. 806, 104 N.Y.S.2d 804 (1st Dept. 1951); *Ptaszynski v. Flack*, 263 App.Div. 831, 31 N.Y.S.2d 599 (2d Dept.1941); *Lopez v. McQuade*, 153 Misc. 390, 273 N.Y.S. 34 (Sup.Ct.Kings Co.1934); *176 East 123rd Street Corp. v. Frangen*, 67 Misc.2d 281, 323 N.Y.S.2d 737 (Civ.Ct.N.Y.Co.1971).

It seems clear that the lien acquired by a judgment creditor of the husband is precisely commensurate with the lien acquired by a mortgagee of the husband. Certainly neither lien can cover any interest not possessed by the husband. The interest possessed and owned by the latter necessarily determines the scope of the lien and measures the interest acquired ...

*Lopez v. McQuade*, 153 Misc. at 392, 273 N.Y.S. 34 (holding that a spouse has no right of redemption of a husband's entirety interest sold at an execution sale because her right is not affected).

■ In a tenancy by the entirety, each tenant is seized of the whole estate and neither, without the consent of the other, can dispose of any part of the estate so as to affect the right of survivorship of the other. *Rothschild v. Lincoln Rochester Trust Co.*, 212 F.2d 584 (2d Cir.1954; *In re Rowe*, 234 F.Supp. 114 (E.D.N.Y.1964); *In re Weiss*, 4 B.R. 327 (Bankr.S.D.N.Y.1980); *Finnegan v. Humes*, 252 App.Div. 385, 299 N.Y.S. 501 (4th Dept.1937) *aff'd without op.* 277 N.Y. 682, 14 N.E.2d 389 (1938); *Hiles v. Fisher*, 144 N.Y. 306, 39 N.E. 337 (1895); *Berlin v. Herbert*, 48 Misc.2d 393,

265 N.Y.S.2d 25 (Dist.Ct.Nassau Co.1965). Had Arthur Rouse's interest as a tenant by the entirety been terminated by his failure to survive his wife, his lien creditors' interest in the real estate would be extinguished and the property would pass to Dolores Rouse as the surviving tenant by the entirety free and clear of such liens. *In re Tsunis*, 29 B.R. 527 (Bankr.E.D.N.Y.1983) *aff'd* 39 B.R. 977 (E.D.N.Y.1983), *aff'd* 733 F.2d 27 (2d Cir.1984) (adopting both opinions below). *Security Trust Co. of Rochester v. Miller*, 72 Misc.2d 269, 338 N.Y. S.2d 1015 (Co.Ct.Wayne Co.1972).

■ The defendant lien creditors contend that after Arthur Rouse transferred his interest in the West Nyack home to his wife as sole owner, she not only acquired his interest subject to the claims of his lien creditors, but that they could also realize upon her previously undivided moiety as well. This position is incorrect. *Finnegan v. Humes* illustrates this point. There, the husband and wife held certain real estate by the entirety when a judgment creditor of the husband docketed his judgment. Subsequently the husband and wife deeded the property over to a straw man who then deeded the property back to the wife on the same day. The judgment creditor had meanwhile bought the husband's interest at an execution sale and the transfer to the wife in fee was brought up as a defense to the judgment creditors' subsequent action for the ejectment of the wife. The Appellate Division held that:

> In our opinion the transfer of the estate by the tenants by the entirety to a third party and by a third party to the [wife] had no effect upon the [judgment creditors'] rights. *Such rights were to the husband's interest only and the manipulation of the title by the tenants by the entirety was always subject to the lien of the judgment and could not increase or diminish the [judgment lienors'] rights.*

252 App., Div. at 387, 299 N.Y.S. 501 (emphasis added).

Similarly in this case the transfer of the husband's entirety interest to the wife was subject to the lien of judgment but only to the extent that it had previously attached to the husband's moiety. *In re Phillips*, 88 Misc.2d 848, 388 N.Y.S.2d 840 (Sup.Ct. Saratoga Co.1976) cited by the judgment lien creditors is not to the contrary. There, Mrs. Phillips had bought Mr. Phillips' entirety interest from Mr. Phillips' trustee in bankruptcy subject to judgment liens docketed against Mr. Phillips' interest prior to the bankruptcy. Mrs. Phillips then petitioned in state court pursuant to New York Debtor Creditor Law § 150(5) to cancel the judgment liens as having been discharged in the husband's bankruptcy proceeding by either the participation of the lien creditors in the distribution of the bankruptcy estate or by their lack of objection to the sale. The court denied Mrs. Phillips' application on the ground that the liens survived Mr. Phillips' discharge and, therefore, Mrs. Phillips "acquired her husband's interest in the real property subject to the liens of such judgments...." *Matter of Phillips*, 388 N.Y.S.2d at 842. The court did not say that the judgment lien creditors could reach Mrs. Phillips' interest in the real estate if his interest was insufficient to satisfy his creditors. The court simply noted that Mr. Phillips' share of the real estate remained subject to the judgment liens against him.

Even in those cases where a husband has fraudulently transferred his joint interest in a family home to his wife, the courts have held that the husband's trustee in bankruptcy and his creditors may look only to that portion of the transfer found to be fraudulent because it cannot be said that the wife fraudulently conveyed her interest in the tenancy by the entirety to herself. *Orbach v. Pappa*, 482 F.Supp. 117, 120–21 (S.D.N.Y.1979); *In re Parameswaran*, 50 B.R. 780, 785 (Bankr.S.D.N.Y.1985); *Gross v. Russo (In re Russo)*, 1 B.R. 369, 386 (Bankr.E.D.N.Y.1979); *Hohenrath v. Wallach*, 37 A.D.2d 248, 150, 323 N.Y.S.2d 560, 562 (2d Dept.1971) *appeal dismissed*, 30 N.Y.2d 674, 332 N.Y.S.2d 106, 282 N.E.2d 891 (1972); *Capizzi v. Khoury*, 168 Misc. 490, 492, 5 N.Y.S.2d 201, 203 (App.Term 2d

Dept.1938) (*per curiam*). Accordingly, in a less egregious case, where there has been no finding as to a fraudulent conveyance, there is no compelling reason why the husband's lien creditors should be accorded greater rights than they had originally against the husband's interest. That a wife received her husband's interest in their family home held as tenants by the entirety, subject to the claims of his lien creditors, does not mean that if his share is insufficient to satisfy the liens against him, the husband's lien creditors may then assert their claims against the wife's share as well.

In this case, the debtor, Dolores Rouse, received her husband's interest as a tenant by the entirety with respect to their West Nyack residence, subject to the liens that were docketed against his interest. However, to the extent that his interest is insufficient to satisfy the liens against him, such lien creditors may not seek satisfaction from Dolores Rouse's own interest in their West Nyack residence. Accordingly, the liens against Arthur Rouse shall be expunged against the debtor's interest to the extent of any such insufficiency.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a).

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).

3. The debtor's motion to expunge the lien claims of Chemical Bank and The Lawyers Cooperative Publishing Company is granted as follows: After the debtor, Dolores Rouse, sells the West Nyack real estate, the proceeds of sale are to be divided into two shares, one representing Dolores Rouse's former interest in the real estate as a tenant by the entirety and the other representing the share that she received from her husband, Arthur Rouse. The judgment liens are to be paid in the order of priority, except that the judgment liens against Arthur Rouse only are to be paid solely from the proceeds of sale representing his share, whereas the creditors who have liens against the joint interests of Arthur and Dolores Rouse are to be paid evenly from both shares. To the extent that the share representing Arthur Rouse's former interest as a tenant by the entirety is insufficient to satisfy his lien creditors, including Chemical Bank and The Lawyers Cooperative Publishing Company, such creditors may not obtain payment from Dolores Rouse's share of the proceeds.

SUBMIT ORDER in accordance with the foregoing.