LILLIAN PESHKIN et al., Landlords, Appellants, *v.* ROBERT POWELL, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, May 16, 1944.

*Robert S. Garson* for appellants.

*Samuel Chester* for respondent.

HECHT, J. Summary proceeding for nonpayment of rent. Answer: " Violations — counterclaim $3.20 — failure to furnish bus service." The counterclaim was withdrawn without prejudice.

On the trial the tenant presented a letter from the Department of Housing and Buildings, dated February 3, 1944, which states " the following violation to be pending, housing division, filed 2/3/44. Items 7 Properly repair the defective (do not close) vestibule and main hall doors. 8 Repair the leaky faucet at sink in kitchen in 2nd story, north wing, apt. 2F."

The tenant testified at the trial, which was had February 9th and 10th, that the front doors had been fixed. He said he had been using the kitchen regularly and using water from the faucet and that the water did not drip as much as it did; that the water had been half hot and half cold.

The landlords' witness testified the faucet had been fixed and there was no more drip.

At the close of the evidence the Trial Judge directed the tenant to deposit the rent in court, to remain there until the Justice had received a proper notification from the Department of Housing and Buildings that the violations had been properly removed, which order was indorsed on the precept and signed by the Justice, followed by a form of final order and the rendition of judgment in favor of the landlord for the rent due.

Section 1446-a of the Civil Practice Act (as added by L. 1939, ch. 661; originally L. 1930, ch. 871) provides that upon proper proof that a notice or order to remove or cease a nuisance or a violation or to make necessary and proper repairs has been made by the New York City department or departments affecting a building used for dwelling purposes or a part thereof in said city, if the condition is such in the opinion of the court as to " constructively evict " the tenant from a portion of the premises occupied by him, the court before which the case is pending may stay summary proceedings to dispossess the tenant for nonpayment of rent or any action for rent or rental value of the premises or part thereof, and such stay shall continue in force until an order shall be made by the court vacating same upon three days' notice to the tenant or defendant or his attorney and proof that the notice or order has been complied with. The Act further provides for the payment of the monthly rent which shall thereafter become due within five days after the due date during the pendency of the proceeding or action.

The meaning of the words " constructively evict " the tenant from a portion of the premises is not clear. The common-law rule is that there may be no constructive eviction of a tenant from premises unless he abandons possession; and in the case of an actual eviction from a portion of the premises, payment of the entire rent is suspended. The legislative intent would seem to be that resort may be had to the statute only in a case where the tenant is deprived of. the beneficial enjoyment of a portion of the premises.

As the mere existence of violations not involving unlawful occupancy is no defense to an action for rent, resort to the statute by the tenant is an admission that the rent is due. The rent should be deposited in accordance with the Act, leaving for trial the issue whether the tenant's proofs warrant a stay. If they suffice, a stay is ordered and payment is withheld from the landlord until compliance with the Department notice or order; if insufficient, the stay is denied and the landlord is entitled to a final order and judgment to be satisfied by the deposit and the payment of costs.

The proofs in this case do not authorize a finding that the tenant was " constructively evicted " from any portion of the demised premises.

The final order should be modified by granting costs to the landlords on the judgment awarded for the rent, and as modified affirmed, with ten dollars costs to appellants. The order directing deposit and retention thereof should be reversed.

HAMMER and EDER, JJ., concur.

Ordered accordingly.