(October 26, 1954.)

In the Matter of EMRAY REALTY CORP., Appellant, against JOSEPH D. McGOLD-RICK, as State Rent Administrator, Respondent.

*Per Curiam.* This is an appeal by a landlord from an order of Special Term denying the landlord's motion to annul certain orders or directives of the State Rent Administrator reducing rents of apartments in a Harlem tenement.

There were two reductions involved. The parties refer to an order dated August 12, 1954, reducing rents $5 a month in each apartment as the "first" order, although, in fact, there was a group of eighteen orders issued by a local administrator dated August 11, 1954, reducing rents in a larger sum. As the orders overlap and are cumulative, the amount of reductions made in each apartment is difficult to compute.

The $5 reduction was pursuant to an order of the administrator rendered after protest proceedings. These proceedings and the review of the administrator's order under article 78 appear to be procedurally regular.

On the other hand, no protest proceedings were brought in relation to the eighteen orders issued by the local administrator. Furthermore, these orders appear to have been made without notice to the landlord and solely upon a complaint registered by various city officials. Both the making of the reductions and the attempt to review the same without protest proceedings appear wholly irregular.

The record indicates that certain city officials called attention of the deputy administrator to numerous violations pending against the premises involved, including some violations indicating serious unsanitary conditions and others indicating lack of repair. These might well be found to constitute a deprivation of essential services to tenants. But reduction of rent could not be made ex parte without adequate proofs upon an appropriate hearing.

As effecting the merits, the landlord asserts that in 1951, the Rent Administrator in connection with an earlier decision ordered that the burden of certain maintenance and repairs was to fall on the tenants, and the landlord now alleges that some of the present violations are chargeable to the tenants' failure to meet this burden. We find in the record no denial by the administrator that such prior order of 1951 was made and is outstanding.

As is frequently the case in appeals in rent proceedings which, under statutory provisions, come before us on the original papers and not upon any prepared record, it is difficult to ascertain the precise facts or the accuracy of statements made by the parties, the briefs being devoid of folio references. But upon the present record it would appear to stand uncontradicted that the so-called "second" proceeding was ex parte in nature, and that there was an earlier outstanding order attempting to place responsibility on the tenants for some conditions in the premises.

We do not question the power of the administrator to reduce rents when there is adequate proof adduced upon an appropriate hearing to show a deprivation of essential services, nor do we question that a failure to maintain sanitary conditions or make ordinary repairs would constitute such deprivation of services. But even in the case where a landlord might flout the law with respect to essential services, such action would not justify an attempt to reduce rents in an ex parte proceeding without a hearing.

If the claims made by the landlord on this appeal are unjustified in fact as to the matters on which we have indicated reliance, the inaccuracy of the claims may be presented to us on some other proceeding.

Rather than dispose of these appeals by affirming the $5 reduction and dismissing the appeal from the local administrator's directive, which would result in separating the proceedings, we deem it in the interest of justice to keep these proceedings together, because of the cumulative nature of the rent reductions, and, accordingly, we reverse the order appealed from, without costs, and direct a further hearing before the administrator on the entire matter of rent reductions in these premises.

Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ., concur.

Order unanimously reversed, without costs, and a further hearing directed before the administrator on the entire matter of rent reductions in these premises. Settle order on notice.