Aron Steuer, J.
The petitioner, owner of a Harlem tenement, has been a party to such extensive litigation with the rent commissioner that a history of the proceedings stretching over five years would not only unduly tax the patience of any reviewing authority but would actually challenge belief. This application which was started by order to show cause seeks to have the clerk of the 10th District Municipal Court turn over certain moneys to the petitioner.
*353 The Attorney-General, representing the respondents, appears specially to challeng’e the service. Questions have been raised whether the appearance is in law a special one but these questions need not be considered. On December 13, 1956, petitioner presented an order to show cause, which order was signed by a Justice of this court, directing service to be made on the Attorney-General. The order was returnable December 17,1956, and was adjourned to December 27, 1956. On that day the Attorney-General challenged the jurisdiction of the court on the ground that the proceeding was not duly commenced as the statute (Civ. Prac. Act, art. 78, § 1289) requires service on the officer in question. Upon the argument it was agreed that the motion be adjourned to January 14, 1957, and that in the meantime respondent would be served giving the same notice that was provided for in the order to show cause. This was done. The service is now complete and the objection to it is no longer well taken. We therefore come to the merits.
It appears that the premises in question are maintained at a large and continuing loss. The building is old and decrepit but despite petitioner’s requests to withdraw them from the rental market, it has not been permitted to do so. Litigation seeking that permission has been extensive but as yet unfruitful. The building has many violations and to correct these would result in an expenditure far in excess of the building’s valuation.
Certain tenants have failed to pay their rent. A proceeding to evict them has resulted in an order pursuant to section 1446-a of the Civil Practice Act which provides that where there is a violation against residential property of a certain degree that the court may order that the rents be deposited with the court and may not be withdrawn until the violation is removed. Petitioner bases its claim, as far as can be ascertained from the statements in the supporting affidavit on two grounds — first that the repairs in question are the obligation of the tenants, and second that the statute is unconstitutional.
As to the first, this record suffers from the same infirmity that was noted by the Appellate Division in Matter of Emray Realty Corp. v. McGoldrick (284 App. Div. 880) and in the Court of Appeals in Matter of Emray Realty Corp. v. Abrams (309 N. Y. 888), two appeals of the many in which this petitioner, its tenants and the Bent Administrator have been involved. It is not clear what the nature of the violations are, whether they are chargeable to the tenants or not does not appear. In the opinion of the Appellate Division that court raised the question of whether the tenants were obligated to repair and whether the violations arose from their failure to *354 observe their obligations and remitted the matter to the rent commission for further hearings to establish the facts. The results do not appear. In the Court of Appeals the same difficulty was noted.
Obviously it would be an injustice to withhold the rents until repairs were made or violations removed when the obligation in regard to them was not the landlord’s. What is not so obvious is why the proper way to proceed under the circumstances is not by appeal from the order directing that the rents be paid by the court. In any event the record here is not sufficiently clear to grant the relief even assuming the procedure to be correct.
Lastly the petitioner says that the relief should be granted because the statute (Civ. Prac. Act, § 1446-a) is unconstitutional. Here again the argument is twofold. Firstly it is claimed that the test given in the statute renders it meaningless. The provision referred to is that when a violation refers to a condition that, in the opinion of the court, would amount to a constructive eviction from a portion of the premises, the order may be made. Petitioner claims that there can be no constructive eviction unless the tenant is actually forced to leave the premises. This is not so. An action for damages on account of a constructive eviction will not be entertained on behalf of a tenant in possession, but this is a far different matter.
The second objection is that the statute deprives the petitioner of property without due process of law. While the procedure provided for does not eventually deprive the landlord of the rents, a protracted withholding may take on the character of deprivation, especially where, as here, the landlord claims it is beyond his financial power to remove the violations. It is not disputed that the authorities have the power to place the violations and order their correction. It is not claimed that the landlord is excused by virtue of lack of financial ability to comply. Nor is it claimed that this impounding of rents creates the financial condition. Reasonable means of enforcement would always be proper. A more drastic means would be to revoke the certificate of occupancy. Because a less stringent means of enforcement is adopted does not make the statute repugnant to the Constitution. Petitioner has cited many cases wherein statutes purporting to exercise police power have been held invalid. That the placing of violations and the correction of dangerous or unsanitary conditions thereby is a proper exercise of police power seems hardly arguable. And a measure not unreasonably severe to induce compliance seems unobjectionable.
The motion is denied.