Per Curiam.

Section 755 of the Real Property Actions and Proceedings Law provides that a stay granted under that section ‘ ‘ shall continue in force, until an order shall be made by the court vacating it, but no order vacating such stay shall be made, except upon three days’ notice of hearing to the tenant, or respondent, or his attorney, and proof that such notice or order [to remove or cease a nuisance or violation or to make necessary repairs made by a New York City department or departments] has been complied with.” We do not read this provision to mean that upon removal of record of the notices or orders extant at the institution of the proceeding, the stay must be vacated despite the existence of record of additional notices or orders at the time the motion to vacate the stay is made. Considering the remedial nature of the statute (see Peshkin v. Powell, 182 Misc. 14; Matter of Emray Realty Corp. v. De Stefano, 5 Misc 2d 352; Matter of Himmel v. Chase Manhattan Bank, 47 Misc 2d 93), whether the stay should be vacated in these circumstances remains in the sound discretion of the hearing Judge.
The Building Department records, under subpoena before the court below, disclose that as of the date of the orders appealed from, multiple violations of record continued to exist in the apartments of all appellants, but appellant Tucker. For all that appears in the record, the motion to vacate the stay was granted on the ground urged by landlord that she was nevertheless entitled to its abatement because all the violations existing at the time the proceeding was instituted in 1964 had been removed of record. So restrictive a construction fulfills neither the letter nor the .spirit of the statute (Matter of New York Post Corp. v. Leibowits, 2 N Y 2d 677, 685). The test is whether, in the case of each tenant, conditions continue to exist ‘ ‘ such as to constructively evict the tenant from a portion of the premises occupied by him.”
*355 The orders should be reversed, without costs, and motion remanded to the court below for redetermination ele novo not inconsistent with this memorandum.
Concur — Gold, J. P., Hecht, Jr., and Hofstadter, JJ.
Orders reversed, etc.