Allen Murray Myers, J.
The landlord has instituted these summary proceedings to recover possession of the tenants’ respective apartments by reason of the nonpayment of the rent by the tenant, Cruz, in the sum of $75 for the period from October 20, 1968 to November 19, 1968; and by the tenant, Perdina, in the sum of $74.75 for the period from October 7, 1968 to November 6,1968.
It was stipulated at the trial that the decision in the Cruz case should also be determinative of the issues in the Perdina case.
By their answers, tenants have admitted that the rents demanded were due and have not been paid, but have requested the court to stay the proceedings pursuant to section 755 of the *961 Real Property Actions and Proceedings Law (formerly Civ. Prac. Act, § 1446-a), on the ground that various “ constructive eviction ” violations have been filed against the premises wherein the apartments are located. '
The premises consist of a six-story, 28-,apartment tenement house located at 309 East Houston Street in Manhattan. The_ evidence indicates the following violations and orders of record:
Item 389. D26-11.03 Administrative Code. Cleanse to the satisfaction of this department the floors and stairs public hall ¿ill storÍGS
Item 391. D26-11.01, 11.03, 11.05 Administrative Code. Remove the accumulation of refuse and/or rubbish and maintain in a clean condition the north and south courts and yards. Item 392. D26-19.01 Administrative Code. Provide adequate lighting fire passage.
The said violations were reported on March 15, 1968 and orders for their rectification were issued on April 19, 1968. Reinspections by the Department of Rent and Housing Maintenance on October 7, 1968 and December 31, 1968 revealed no compliance with the orders.
The case was tried before me on January 16,1969. Upon several days’ notice to the attorneys for both parties and without any objection on their part, I visited the premises on January 24, 1969 at about 1:00 p.m.
I found an employee of the landlord in the process of removing what appeared to have been a vast accumulation of refuse and rubbish from the courts and yards.
An inspection of the public halls revealed that all of the windows therein were filthy and that all of the window frames were laden with thick layers of dirt and dust which must have taken years to accumulate. The floors and stairs were similarly dirty and accumulations of dust and dirt were also in evidence on the tops of all of the wainscoting. The court is in no position to tell whether adequate lighting was provided in the fire passage and must therefore rely solely upon the existing violation.
Section 755 of the Real Property Actions and Proceedings Law provides that upon proper proof that an order to remove a violation has been made, by a duly authorized agency of the city, affecting a building used for dwelling purposes, “if the condition against which such * # * order is directed is, in the opinion of the court, such as to constructively evict the tenant from a portion of the premises occupied by him, the court before which the case is pending may stay proceedings to dispossess the tenant for non-payment of rent ’ ’ until all of the *962 conditions of constructive eviction have been eliminated. (See Brissett v. Cherry, 54 Misc 2d 353.)
Although there cannot be a constructive eviction without a surrender of possession by the tenant in an action for damages for breach of the covenant for quiet enjoyment (1 Rasch, Landlord and Tenant and Summary Proceedings 710, § 876) a surrender of possession by the tenant is not necessary to invoke the sanction of section 755 of the Real Property Actions and Proceedings Law. (See Matter of Emray v. De Stefano, 5 Misc 2d 352.)
What constitutes a. constructive eviction is generally a question of fact. ‘ ‘ It must appear that the landlord has persistently neglected his duty, and that the premises thereby become unfit for occupancy. A series of petty inconveniences, such as failing to light halls * * * are not sufficiently serious to warrant a claim of constructive eviction ”, (1 Rasch, § 886.)
However, in an apartment house the consistent failure to properly maintain the common appurtenances such as the hallways, stairs, yards, courts, roofs, and other public portions of the building including fire passageways may constitute 'a constructive eviction. '(See, also, 1 New York Law of Landlord and Tenant, § 251; 1 Rasch, Law of Landlord and Tenant, §§ 882-903.)
In 1944 the Appellate Term, First Department, in the case of Peshkin v. Powell (182 Misc. 14) set forth the manner in which section 755 should be implemented. The court held (p. 16) that: “ The meaning of the words ‘ constructively evict ’ the tenant from a portion of the premises is not clear. The common-law rule is that there may be no constructive eviction of a tenant from premises unless he abandons possession; and in the case of an actual eviction from a portion of the premises, payment of the entire rent is suspended. The legislative intent would seem to be that resort may be had to the statute only in a case where the tenant is deprived of the beneficial enjoyment of a portion of the premises. As the mere existence of violations not involving unlawful occupancy is no defense to an action for rent, resort to the statute by the tenant is an admission that the. rent is due. The rent should be deposited in accordance with the Act, leaving for trial the issue whether the tenant’s proofs warrant a stay. If they suffice, a stay is ordered and payment is withheld from the landlord until compliance with the Department notice or order; if insufficient, the stay is denied and the landlord is entitled to a final order and judgment to be satisfied by the deposit and the payment of costs.”
The question before me then is whether the tenants’ proofs warrant a stay until all the orders have been complied with and *963 the violations removed. In my opinion the conditions upon which the violations were grounded were ‘1 constructive eviction ” violations. The conditions I found made the premises uninhabitable in accordance with civilized standards of decency and should be rectified immediately. They were obviously the result of consistent neglect and indifference on the part of the landlord over a long period of time.
Accordingly, I direct the tenants to deposit with the Clerk of this court the rent due for the months of October, November and December, 1968 and January, 1969 at once and to deposit with him all future rents when due; and a stay of the proceedings herein to dispossess the tenants is granted until the further order of this court.