Irving Younger, J.
Perhaps chief among the assurances which together make up the social contract is the judiciary’s promise never to close the courthouse doors. Through them should walk unhindered every citizen with a dispute to settle or a grievance to air. So it is that we hesitate to declare unjust the very appeal to justice. Nevertheless, given a case where someone has deliberately misused the processes of law, a Judge must step in to vindicate those processes by imposing a sanction upon the one who has abused them. This is such a case.
The landlord here owns an apartment building at 500 West 174 Street in New York City where Aristedes Vasquez has been a tenant .since 1963. In 1968, Vasquez asked the landlord to make various repairs in his apartment. The landlord did not. Time passed, and finally, in January, 1970, Vasquez stopped paying the rent.
In June 1970, the landlord commenced a nonpayment proceeding (L & T Index No. 56294/70). Vasquez consulted the Harlem Assertion of Rights, Inc. (“HAR”), which filed an answer in his behalf asserting that conditions in the apartment were bad enough to warrant relief under section 755 of the Real Property Actions and Proceedings Law. The case appeared on the trial calendar four times. Vasquez came to court on each occasion. The landlord ignored them all, and the file was ultimately marked “ dismissed N/A petitioner.”
In November, 1970, the landlord commenced a second proceeding (L & T Index No. 100524/70) and procured a default judgment. Through HAR, Vasquez moved to vacate the default on the ground that he had never been served with process and that he had a good defense under section 755 of the Real Property Actions and Proceedings Law. The landlord ignored the motion. It was granted, and the case was called for trial on December 8, 1970. Again Vasquez came to court. Again the landlord failed to appear. And again the file was marked “ dismissed N/A petitioner.”
On the .same day, December 8, 1970, the landlord commenced a third proceeding (L & T Index No. 105429/70) and once more procured a default judgment. Through HAR, Vasquez once more moved to vacate it. The motion was granted on consent *995 and January 11, 1971, selected as the date for trial. Vasquez came to court. So did the landlord. They agreed to adjourn the case to February 4. Vasquez and his attorney mistakenly returned not on the 4th, but on the 5th. They discovered that the landlord had already taken another default judgment and moved to vacate it. The landlord ignored the motion. It was granted and the case set down for trial on March 2, 1971. Vasquez came to court. The landlord did not. The file was marked “final judgment respondent, on consent, without prejudice. ’ ’
In June, 1971, the landlord commenced a fourth proceeding (L & T Index No. 50989/71). HAB filed an answer for Vasquez asserting his defense under section 755. The case appeared on the trial calendar twice. Vasquez came to court on one or both dates, the landlord on neither. On July 13, 1971, the file was marked 1 ‘ discontinued. ’ ’
One week earlier, on July 7, 1971, the landlord had commenced a fifth proceeding (the present one). Vasquez’ answer alleged his section 755 defense and a counterclaim for “ harassment.” The case was called for trial on August 3, 1971. Again Vasquez came to court. Again the landlord failed to appear. The file was marked ‘ ‘ petition dismissed without prejudice. Counterclaim severed and adjourned to August 10, 1971.” On that day, the counterclaim was referred to me for trial. Vasquez and his HAB attorney were present. The landlord was not. I held an inquest at which the facts set forth above were proved. I announced my decision from the Bench and now publish this memorandum to make a public record of what occurred.
Counsel for Vasquez suggests that the law of New York recognizes “harassment” as a discrete tort. (Perhaps, cf. Penal Law, § 240.25, subd. 5.) There is no need to decide the issue here, however, for Vasquez’ case fits the mold of “ abuse of process.” The gist of that tort is “ misusing or misapplying process justified in itself for an end other than that which it was designed to accomplish.” (Prosser, Torts [3d ed., 1964], p. 876.) In short, it must appear that the defendant caused process to issue with an ulterior motive and that, apart from motive, he has acted so improperly as to require the conclusion that there has been “ a perversion of the process.” (Hauser v. Bartow, 273 N. Y. 370, 374 [1937]).
Vasquez admits that he has paid no rent for more than a year, and it is conceivable that his section 755 defense is without merit. The landlord’s commencement of a nonpayment proceeding, then, was “ justified in itself.” The point, of course, is that the landlord did not content himself with commencing *996 and pursuing a nonpayment proceeding. He commenced five nonpayment proceedings and pursued none of them. They appeared on the trial calendar 10 times in all. With possibly one exception, Vasquez was always present. With one exception, the landlord was never present. I find myself convinced that the landlord’s motivation was not to obtain the rent allegedly due, but to punish Vasquez for his attempts to force the landlord to make repairs in the apartment. The landlord’s improper act, apart from his motive, consisted in his repeated issuance of process and his persistent failure to appear in court. This was a perversion of the purpose for which summary proceedings may be instituted. It is the tort of abuse of process.
Vasquez suffered direct and actual damages as a result. On each of the 9 or 10 occasions when he was compelled to come to court, Vasquez closed the one-man grocery store which is the source of his livelihood. While the proof with respect to his lost profits is somewhat vague, I resolve any doubt in Vasquez’ favor and fix his damages in the sum of $1,000.
A word as to the conduct of the landlord’s attorney. His name and address are indorsed on each paper issued by the landlord: his defaults were total. On no occasion did he appear in court or submit any explanation of his failure to appear. So far as I can tell, he is as culpable as his client. In the instance of the attorney, however, the issue is not solely the commission of a tort; it is also the possible violation of the Canons of Professional Ethics. No lawyer may engage in litigation ‘ ‘ intended merely to harass or to injure the opposite party or to work oppression or wrongs.” (Canon 30.) Accordingly, the minutes of this case will be referred to the Grievance Committee of the Association of the Bar.
It has been suggested that some landlords habitually misuse the processes of the Civil Court to oppress tenants. I do not know whether that is true. The present case may very well be an isolated episode. But if it is not, let those who are guilty be warned that the court stands ready to rid itself of them.