Clifford A. Scott, J.
On trial in May, 1970, summary proceedings were brought on by the petitioner landlord for the nonpayment of rent, the respondent tenant interposed as an affirmative defense numerous violations which existed both in her apartment and in the public parts of the building.
At trial the court found that numerous deplorable living conditions existed within the apartment itself including among others no heat or hot water at all, broken windows, concealed leaks in the walls, defective light fixtures and broken mail boxes which forced the tenants to go to the post office to pick up their mail.
The court also found from the evidence that numerous violations against the building existed among which were broken treads and steps, defective railings and an accumulation of rubbish which caused an infestation of mice, rats, and other vermin.
Effective July 31, 1971, the office of Rent Control, because of such conditions, reduced the tenant respondent’s rent to $1 per month.
After trial an order was entered by me under section 755 of the Real Property Actions and Proceedings Law staying these proceedings and directing the tenant to deposit all rents with the Clerk of the court.
By virtue of this section the landlord is not entitled to the funds on deposit until he has made the necessary and required repairs removing the said violations.
*659 In June, 1971, the City of New York moved to intervene in the instant proceeding and applied for an order releasing the deposited funds to it as a lienor of petitioner’s rents. I dismissed both applications on the ground that under the express language of section 755, absent a default on the part of the tenant in depositing the rent, the petitioner landlord was not entitled to the fund until he obtained a vacatur of the stay or proceedings, relief he could only avail himself of by repairing the aforesaid conditions.
I further held that the City of New York was also not entitled to any of the moneys on deposit because the lienor’s right was no greater than that of the debtor’s.
Since the May, 1970, proceedings, the petitioner landlord has failed to make the necessary repairs in the tenant’s apartment and the building.
The tenant now moves for an order vacating and setting aside the prior order staying the proceedings under section 755 and for a final judgment in favor of respondent dismissing the petition and returning to respondent her deposits with the Clerk of the court on the ground that the petitioner landlord has failed to repair respondent’s apartment.
To induce the landlord to make repairs to his property so that the property becomes habitable, section 755 of the Real Property Actions and Proceedings Law requires that the tenant create a fund by depositing the rent to the Clerk of the court which is to be delivered to the landlord when the required and necessary repairs are made. At no time before the performance of the condition does the fund become the property of the landlord. The property at all times has been the property of the tenant.
More than two years have passed since the money has been placed on deposit. It is clear that the conditions will not be performed; that is to say, that the repairs will not be made. Is the tenant entitled to a return of the money?
Whether the landlord is reluctant, recalcitrant, and just refuses to make the necessary and required repairs, I do not know. Possibly the landlord hopes that the tenant may move out or forget the money on deposit; however, the court will not be a party to such proceedings.
Where the landlord has failed, as in this case, after a reasonable period of time to make the repairs, the tenant upon application to the court may move for a return of the deposits. In the interest of justice and equity the court sees no reason to deny the refund to the tenant; otherwise, the court could see an *660 Incentive for the reluctant landlord to avoid making any repairs whatsoever, hopefully awaiting tenant’s demise or removal from the premises. It is small compensation for having to live under these deplorable conditions.
Judgment for respondent tenant for the sum of $1,003.11 which represents the sum paid into court by the tenant.