OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs and disburse *682 ments, and the funds on deposit are directed to be released to the tenants. Order of this court is stayed until 90 days after service of a copy thereof on the Department of Social Services.
Various managing agents of a low-income housing project instituted nonpayment proceedings against the tenants therein. One hundred and sixteen tenants, after being served with process, consolidated their cases under the name of the tenant herein. The answer of the tenants set forth affirmative defenses under section 302-a and subdivision 2 of section 325 of the Multiple Dwelling Law and also under section 235-b of the Real Property Law and section 755 of the Real Property Actions and Proceedings Law. A stay was granted pursuant to the section last cited and rents were deposited into court for the purpose of enabling the landlord to make the repairs. Since the institution of these proceedings, 11 tenants not served with process have voluntarily deposited moneys into court.
After various hearings and inspections were made, and after the Special Referee found the premises to be "in horrible shape” and in "a mess”, the property was sold by the owner at that time (H.U.D.) to the New York City Housing Authority. Since H.U.D. was no longer the owner of the property, it moved to discontinue the proceeding and to have the funds held pursuant to section 755 of the Real Property Actions and Proceedings Law released to it. Tenants cross-moved to have the discontinuance granted under certain conditions and for the return of the money to them. The court granted the discontinuance without condition and released the moneys to H.U.D. For the reasons stated below, we are of the opinion that such a decision was error.
Where a court finds that conditions exist which are likely to constructively evict a tenant or there are conditions which are or are likely to become "dangerous to life, health, or safety” the court may order a stay and direct that the moneys otherwise paid to the landlord for rent, be deposited into court (Real Property Actions and Proceedings Law, § 755). This statute is remedial and its purpose is to motivate a landlord to make the repairs (B.L.H. Realty Corp. v Cruz, 87 Misc 2d 258; Morbeth Realty Corp. v Velez, 73 Misc 2d 996; Ellabee Realty Corp. v Beach, 72 Misc 2d 658; Brissett v Cherry, 54 Misc 2d 353; Himmel v Chase Manhattan Bank, 47 Misc 2d 93).
While, "There is no provision in section 755 for the return of deposited rent to the tenant when the stay is vacated” *683 (B.L.H. Realty Corp. v Cruz, supra, p 260), courts have permitted recoveries under two theories. One line of authority has permitted recoveries as an offset under the theory of a breach of the warranty of habitability. (B.L.H. Realty Corp. v Cruz, supra; Brissett v Cherry, supra; Morbeth Realty Corp. v Velez, supra). The difficulty with that theory herein is that there has been no proof as to the amount of damage and the value thereof vis-á-vis the rent due and owing. The second line of authority has taken the position that the money, while vested with the Commissioner of Finance (CPLR 2601), belongs to the tenant until the work is completed. Under these cases, where the repairs have not been made, the money is returned to the tenants, since the statutory condition precedent for the turnover to the landlord (the completion of the repairs) has not been met. (See 176 East 123rd St. Corp. v Frangen, 67 Misc 2d 281; see, also, Ellabee Realty Corp. v Beach, supra.) Where, as here, there are rent-impairing violations of record and the landlord does not repair them, then the landlord should not be entitled to the funds. To permit recovery to the landlord where the repairs are not made would remove any incentive on the part of the landlord to have the violations corrected. The funds returned should also include those of the tenants who were not served with process.
In view of the fact that there has been a representation that many of the tenants are recipients of public assistance, we are of the opinion that the Department of Social Services should be informed of this decision as to take whatever action it deems advisable by virtue thereof.
Concur: Pino, P. J., Rinaldi and Weinstein, JJ.